**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

MICHAEL CARR                          :        Civil Action:
                                      :
VERSUS                                :
                                      :
CHRISTOPHER D. MAYCLIN,               :        Judge:
CRETE CARRIER CORPORATION,            :
AND STATE FARM MUTUAL                 :
AUTOMOBILE INSURANCE                  :
COMPANY                               :        Magistrate:


Exhibit A - State Court Pleadings

MICHAEL CARR                      §      CASE NUMBER: 607831-B

    VERSUS                       §      1ST JUDICIAL DISTRICT COURT

CHRISTOPHER D. MAYCLIN,
CRETE CARRIER CORPORATION,
HARTFORD INSURANCE COMPANY
OF THE MIDWEST, MASON HOLLIS,
GEICO CASUALTY COMPANY, and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                §      CADDO PARISH, LOUISIANA

## PETITION FOR DAMAGES

The petition of **MICHAEL CARR**, of the full age of majority and domiciled in the State

of Louisiana, respectfully represents:

1.

Made Defendants herein are:

    a.    **CHRISTOPHER D. MAYCLIN**
        A major domiciliary of Texas;

    b.    **CRETE CARRIER CORPORATION**
        A foreign corporation doing business in the State of Louisiana;

    c.    **HARTFORD INSURANCE COMPANY OF THE MIDWEST**
        a foreign insurer doing business in Louisiana;

    d.    **MASON HOLLIS,**
        a major domiciliary of Bossier Parish, Louisiana.

    e.    **GEICO CASUALTY COMPANY**
        A foreign insurance company doing business in Louisiana; and

    f.    **STATE FARM MUTUAL AUTOMOBILE INSURANCE
        COMPANY,**
        A foreign insurer doing business in Louisiana.

2.

Jurisdiction is proper because the tortious acts occurred in Caddo Parish, State of

Louisiana, on or about April 21, 2017 and May 10, 2017.

3.

Venue is proper under La. C.C. P. Art. 74 because the collisions occurred in Caddo Parish,

Louisiana.

4.

On or about April 21, 2017, MICHAEL CARR was lawfully operating his vehicle on I-

1

220. He was heading east, and was completely in the left-hand lane just past the Cross Lake bridge in Shreveport, Caddo Parish, Louisiana and prior to an area where road construction was being performed.

5.

All of a sudden and without warning, a large commercial truck (18-wheeler) operated by CHRISTOPHER D. MAYCLIN and owned by CRETE CARRIER CORPORATION (Crete) swerved from the right lane into the left lane, smashing into MICHAEL CARR's vehicle.

6.

It is believed that CHRISTOPHER D. MAYCLIN was an agent or employee of CRETE and the actions of CHRISTOPHER D. MAYCLIN arose out of and were during the course of his employment with CRETE.

7.

In the alternative, even if CHRISTOPHER D. MAYCLIN was not an agent or employee of CRETE, CHRISTOPHER D. MAYCLIN operated the 2017 Freightliner with the consent of CRETE, and as such, the liability policy of CRETE with HARTFORD covered CHRISTOPHER D. MAYCLIN.

8.

CRETE is vicariously liable for all tortious acts committed by CHRISTOPHER D. MAYCLIN in this case.

9.

Defendant CHRISTOPHER D. MAYCLIN owed a duty of care to MICHAEL CARR to:

  a.  Operate his vehicle is a careful and prudent manner;
  b.  To maintain control of his vehicle;
  c.  To not change lanes until he ascertained that it was safe to do so;
  d.  To see MICHAEL CARR in the left hand lane;
  e.  To keep a proper lookout;
  f.  To see what should have been seen; and
  g.  To not smash into MICHAEL CARR.

10.

Defendant CHRISTOPHER D. MAYCLIN breached his duty of care to MICHAEL CARR and was negligent in the following, non-exclusive manners:

2

a. careless and reckless operation of a motor vehicle;
b. failure to maintain control of a motor vehicle;
c. failure to ascertain that it was safe to change lanes;
d. changing lanes when it was not safe to change lanes;
e. failure to keep a proper lookout;
f. failing to see what should have been seen; and
g. other acts of negligence to be proven at trial.

11.

As a result of the incident described above, MICHAEL CARR suffered serious, painful

and permanent bodily injuries including lumbar, thoracic, and cervical spinal injuries, radiating

pain, shoulder pain, and emotional distress, for which he is entitled to be fully and justly

compensated in the following, non-exclusive, categories:

(A) Past medical expenses;
(B) Future medical expenses;
(C) Past physical pain and suffering;
(D) Future physical pain and suffering;
(E) Past mental pain and anguish;
(F) Future mental pain and anguish;
(G) Loss of enjoyment of life;
(H) Loss of earnings and earning capacity; and
(J) Loss of future earnings.

12.

The negligent acts of CHRISTOPHER D. MAYCLIN were the legal and factual cause of

MICHAEL CARR's injuries.

13.

At the time of the collision, HARTFORD INSURANCE COMPANY OF THE

MIDWEST provided a liability insurance policy to CHRISTOPHER D. MAYCLIN and CRETE.

Said policy was in full force and effect at the time of the collision and provided coverage for this

collision.

14.

CHRISTOPHER D. MAYCLIN, CRETE, and HARTFORD are solidarily liable and

indebted to MICHAEL CARR for all general and special damages associated with this collision.

15.

On or May 10, 2017, MICHAEL CARR was lawfully operating his vehicle on I-220 in the

eastbound lane when he had to stop because the traffic ahead of him was stopped.  After

MICHAEL CARR stopped, two other vehicles had come to a complete stop behind MICHAEL

CARR.

16.

MASON HOLLIS was traveling eastbound on I-220 at approximately that same time.

However, MASON HOLLIS was not able to stop his vehicle.  He lost control of his vehicle,

struck the two stopped vehicles behind MICHAEL CARR, and caused the vehicle directly behind

MICHAEL CARR to impact MICHAEL CARR's vehicle.

17.

As a result of the HOLLIS collision, MICHAEL CARR's injuries and damages as stated

above were aggravated.

18.

MASON HOLLIS, at the time of the collision, had an automobile liability insurance

policy with GEICO CASUALTY COMPANY that was in full force and effect.

19.

Defendant MASON HOLLIS owed a duty of care to MICHAEL CARR to:

   a.  Operate his vehicle is a careful and prudent manner;
   b.  To maintain control of his vehicle;
   c.  To not drive too fast for the conditions;
   d.  To see the stopped vehicles;
   e.  To keep a proper lookout;
   f.  To see what should have been seen;
   g.  To no follow too closely; and
   h.  To not crash into the stopped vehicles on I-220,

20.

Defendant MASON HOLLIS breached his duty of care to MICHAEL CARR and was

negligent in the following, non-exclusive manners:

   a.  careless and reckless operation of a motor vehicle;
   b.  failure to maintain control of a motor vehicle;
   c.  driving too fast for conditions;
   d.  following too closely;
   e.  failure to keep a proper lookout;
   f.  failing to see what should have been seen; and
   g.  other acts of negligence to be proven at trial.

21.

MASON HOLLIS and GEICO are liable to MICHAEL CARR for the aggravation of the

4

injuries and damages caused to MICHAEL CARR.

22.

At the time of both collisions set forth above, MICHAEL CARR had in full force and effect an automobile liability insurance policy with STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

23.

MICHAEL CARR's auto policy with STATE FARM provided uninsured and underinsured motorists coverage for both of the collisions set forth herein.

24.

STATE FARM is liable to MICHAEL CARR for all damages that attributed to each defendant which exceeds each defendants' liability insurance policies.

25.

It will be necessary to call expert medical witnesses to testify as to all aspects of the injuries sustained by MICHAEL CARR. The costs of the medical experts should be taxed as costs.

WHEREFORE, PLAINTIFF, MICHAEL CARR, PRAYS:

1.     That there be judgment herein in favor of Plaintiff, MICHAEL CARR and against Defendants, CHRISTOPHER D. MAYCLIN, CRETE CARRIER CORPORATION, HARTFORD INSURANCE COMPANY OF THE MIDWEST, MASON HOLLIS, GEICO CASUALTY COMPANY, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY in sums sufficient to fully and justly compensate Petitioner for his injuries, damages and losses sustained as a result of the incidents complained of herein, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings;

2.     That any expert witness fees be fixed and taxed as costs;

3.     For all general and equitable relief.

(SIGNATURE AND SERVICE INFORMATION ON NEXT PAGE)

Respectfully submitted,

ROLAND V. McKNEELY, III, A.P.L.C.
Bar Roll No. 27731
1910 Citizens Bank Drive, Suite A
Bossier City, Louisiana 71111
Telephone (318) 742-7466
Fax (318) 746-2251
**ATTORNEY FOR MICHAEL CARR**

PLEASE SERVE PETITION TO:

1. CHRISTOPHER D. MAYCLIN
   Long Arm Service
   153 Bridgewood Path
   Seguin, TX 78155;

2. CRETE CARRIER CORPORATION
   Through its registered agent, National Registered Agents, Inc.
   3867 Plaza Tower Drive
   Baton Rouge, LA 70816;

3. HARTFORD INSURANCE COMPANY OF THE MIDWEST
   Through its agent for service of process,
   Louisiana Secretary of State
   8585 Archives Avenue
   Baton Rouge, LA 70809;

4. MASON HOLLIS
   237 Dana Lane
   Bossier City, LA71111;

5. GEICO CASUALTY COMPANY
   Through its agent for service of process,
   Louisiana Secretary of State
   8585 Archives Ave.
   Baton Rouge, LA 70809; and

6. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
   Through its agent for service of process,
   Louisiana Secretary of State
   8585 Archives Ave.
   Baton Rouge, LA 70809

(END OF PAGE)

MICHAEL CARR                               §        CASE NUMBER: 607831-B

   VERSUS                   §        1ST JUDICIAL DISTRICT COURT

CHRISTOPHER D. MAYCLIN,
CRETE CARRIER CORPORATION,
HARTFORD INSURANCE COMPANY
OF THE MIDWEST, MASON HOLLIS,
GEICO CASUALTY COMPANY, and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                          §        CADDO PARISH, LOUISIANA

<u>REQUEST FOR WRITTEN NOTICE</u>

  NOW INTO COURT, through undersigned counsel, comes Plaintiff, MICHAEL CARR,

who respectfully request:

  Pursuant to Articles 1572, 1913, 1914 and 1915 of the Louisiana Code of Civil Procedure

and other applicable statutes, that the Clerk of this Honorable Court give undersigned counsel

written notice of all assignments of trial or of any motions or other hearings in this matter; of the

signing of all partial or final judgments; of all rulings of court and minute entries; and of all

interlocutory orders and decrees.

      Respectfully submitted,

      ROLAND V. McKNEELY, III, A.P.L.C.
      LA Bar Roll No. 27731
      1910 Citizens Bank Drive
      Bossier City, LA 71111
      318-742-7466 - tel
      318-746-2251 – fax
      **ATTORNEY FOR MICHAEL CARR**

PGS _____ EXH _____ MIN _____
CC _____ CP _____ MAIL _____ N/J _____
INDEX _____ REC _____ FAX _____
W/D DOC _____ CERT MAIL _____
SERVICE _____

FILED

APR 09 2018

MIKE SPENCE, CLERK OF COURT
CADDO PARISH

sharona

CPCC.CV.1476I

# Long-Arm Citation

MICHAEL  CARR
VS
CHRISTOPHER D MAYCLIN, ET AL

NO. 607831 – B
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:   CHRISTOPHER D MAYCLIN
153 BRIDGEWOOD PATH
SEGUIN, TX 78155

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within THIRTY (30) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within THIRTY (30) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 4, 2018.

*Also attached are the following:

_____  REQUEST FOR ADMISSIONS OF FACTS

_____  INTERROGATORIES

_____  REQUEST FOR PRODUCTION OF DOCUMENTS

_____

MIKE SPENCE, CLERK OF COURT

By: _____
Deputy Clerk

ROLAND V MCKNEELY III-6475
Attorney

# FILE COPY

sharona                                                                    CPCC.CV.14704

# Citation

MICHAEL CARR                          NO. 607831–B
        VS                            STATE OF LOUISIANA
CHRISTOPHER D MAYCLIN, ET AL          PARISH OF CADDO
                                      FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:    CRETE CARRIER CORPORATION
                               THRU NATIONAL REGISTERED AGENTS INC.
                               3867 PLAZA TOWER DR
                               BATON ROUGE, LA
                               70816

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued
for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received
these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court
at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN
(15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 4, 2018.

    *Also attached are the following:          MIKE SPENCE, CLERK OF COURT

_____  REQUEST FOR ADMISSIONS OF FACTS

_____  INTERROGATORIES

_____  REQUEST FOR PRODUCTION OF DOCUMENTS     By: _____

_____                                              Deputy Clerk


                                 ROLAND V MCKNEELY III-6475
                                            Attorney


# FILE COPY

sharona                                                              CPCC.CV.f4712

# Citation

MICHAEL ·CARR                          NO. 607831– B
       VS                              STATE OF LOUISIANA
CHRISTOPHER D MAYCLIN, ET AL           PARISH OF CADDO
                                       FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:    GEICO CASUALTY COMPANY
                               THRU SECRETARY OF STATE
                               8585 ARCHIVES AVE
                               BATON ROUGE, LA
                               70809

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued
for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received
these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court
at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN
(15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 4, 2018.

       *Also attached are the following:        MIKE SPENCE, CLERK OF COURT

_____   REQUEST FOR ADMISSIONS OF FACTS

_____   INTERROGATORIES

_____   REQUEST FOR PRODUCTION OF DOCUMENTS     By: _____

_____                                               Deputy Clerk  ·


                                        ____ROLAND V MCKNEELY III-6475____
                                                    Attorney


# FILE COPY

sharonn                                                            CPCC.CV.14720

# Citation

MICHAEL CARR                          NO. 607831– B
         VS                           STATE OF LOUISIANA
CHRISTOPHER D MAYCLIN, ET AL          PARISH OF CADDO
                                      FIRST JUDICIAL DISTRICT COURT


THE STATE OF LOUISIANA, TO:    HARTFORD INSURANCE COMPANY OF THE MIDWEST
                               THRU SECRETARY OF STATE
                               8585 ARCHIVES AVE
                               BATON ROUGE, LA
                               70809


YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being issued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 4, 2018.


        *Also attached are the following:        MIKE SPENCE, CLERK OF COURT
_____ REQUEST FOR ADMISSIONS OF FACTS
_____ INTERROGATORIES
_____ REQUEST FOR PRODUCTION OF DOCUMENTS    By: _____
_____                                            Deputy Clerk


                                   ___ROLAND V MCKNEELY III-6475___
                                              Attorney


# FILE COPY

sharonn                                                      CPCC.CV.14738

# Citation

MICHAEL  CARR                          NO. 607831– B
      VS                       STATE OF LOUISIANA
CHRISTOPHER D MAYCLIN, ET AL           PARISH OF CADDO
                                       FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:    MASON HOLLIS
                               237 DANA LN
                               BOSSIER CITY,  LA 71111

**YOU HAVE BEEN SUED.**
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 4, 2018.

    *Also attached are the following:          **MIKE SPENCE, CLERK OF COURT**

_____   REQUEST FOR ADMISSIONS OF FACTS

_____   INTERROGATORIES

_____   REQUEST FOR PRODUCTION OF DOCUMENTS   By: _____

_____                                              Deputy Clerk


                          ROLAND V MCKNEELY III-6475
                                 Attorney

# FILE COPY

sharonn                                                          CPCC.CV.14753

# Citation

MICHAEL CARR                    NO. 607831–B
        VS                      STATE OF LOUISIANA
CHRISTOPHER D MAYCLIN, ET AL    PARISH OF CADDO
                                FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:    STATE FARM MUTUAL AUTOMOBILE INSURANCE
                               COMPANY
                               THRU HONORABLE SECRETARY OF STATE
                               BATON ROUGE, LA 70809

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 4, 2018.

*Also attached are the following:              **MIKE SPENCE, CLERK OF COURT**

_____  REQUEST FOR ADMISSIONS OF FACTS

_____  INTERROGATORIES

_____  REQUEST FOR PRODUCTION OF DOCUMENTS    By: _____

_____                                           Deputy Clerk


                                  _____ROLAND V MCKNEELY III-6475_____
                                              Attorney

# FILE COPY

MICHAEL CARR                          §        CASE NUMBER:   607,831 - B

    VERSUS                          §        1ST JUDICIAL DISTRICT COURT

CHRISTOPHER D. MAYCLIN,
CRETE CARRIER CORPORATION,
HARTFORD INSURANCE COMPANY
OF THE MIDWEST, MASON HOLLIS,
GEICO CASUALTY COMPANY, and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                     §        CADDO PARISH, LOUISIANA

## AFFIDAVIT OF SERVICE

PARISH OF BOSSIER
STATE OF LOUISIANA

    Before me, the undersigned notary public, duly commissioned and qualified in and for Bossier Parish, Louisiana,  personally came and appeared Maria McKneely, domiciled in Caddo Parish, Louisiana; who, first being duly sworn by me, notary, did depose and say:

    I am the secretary for Roland V. McKneely, III.  In accordance with the provisions of La. R.S. 13:3201 *et. seq.*, service via Louisiana's Long-Arm statute was perfected.  On the 9th day of April, 2018, I mailed, via CERTIFIED MAIL 7015 0920 0001 4524 8950, return receipt requested, to Christopher D. Mayclin, at 153 Bridgewood Path in Seguin, TX 78155, a certified copy of the *Petition for Damages* filed by Mr. Roland V. McKneely, III on behalf of his client, Michael Carr.

    Attached hereto as Exhibit "A" is a copy of the receipt for long-arm service in the above-styled case showing the date on which the foregoing was mailed and when it was received.

                               Maria McKneely

Sworn to and subscribed before me
this the 18th day of April, 2018.

PGS ___  EXH ___  MIN ___
CC ___  CP ___  MAIL ___  N/J ___
INDEX ___  REC ___  FAX ___
W/D DOC ___  CERT MAIL ___
SERVICE _____

Notary Public

FILED
APR 18 2018

JIM SCOTT
DEPUTY CLERK OF COURT
CADDO PARISH

64075
Roland mc Kneely Sr.

```
===========================================
      SHREVEPORT MAIN OFFICE
         2400 TEXAS AVE
          SHREVEPORT
            LA
          71102-9803
         2179500593
04/09/2018   (800)275-8777   5:25 PM
===========================================
Product              Sale      Final
Description          Qty       Price
First-Class           1        $0.92
Mail
Letter
     (Domestic)
     (SEGUIN, TX 78155)
     (Weight:0 Lb 2.20 Oz)
     (Estimated Delivery Date)
     (Thursday 04/12/2018)
Certified             1        $3.45
     (@@USPS Certified Mail #)
     (70150920000145248950)
Return                1        $2.75
Receipt
     (@@USPS Return Receipt #)
     (9590940303025155954002)

Total                          $7.12
Cash                          $10.00
Change                        ($2.88)

Text your tracking number to 28777
(2USPS) to get the latest status.
Standard Message and Data rates may
apply. You may also visit USPS.com
USPS Tracking or call 1-800-222-1811.


All sales final on stamps and postage
Refunds for guaranteed services only
    Thank you for your business

    HELP US SERVE YOU BETTER

   TELL US ABOUT YOUR RECENT
         POSTAL EXPERIENCE

            Go to:
   https://postalexperience.com/Pos

  840-5700-0348-001-00019-83282-02

    or scan this code with
      your mobile device:
```

**Plaintiff's Exhibit**

**A**

607831
FILED
APR 18 2018
JIM SCOTT
DEPUTY CLERK OF COURT
CADDO PARISH

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

SEGUIN, TX 78155   OFFICIAL USE

| | | |
|---|---|---|
| Postage $ | $3.45 | 0593 |
| | | 2 |
| Certified Fee | $2.75 | |
| | $0.00 | Postmark |
| Return Receipt Fee (Endorsement Required) | $0.00 | Here |
| | $0.00 | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| | $0.92 | |
| Total Postage & Fees | $ | 04/09/2018 |
| | $7.12 | |

Sent To  Christopher D. Mayclin
Street & Apt. No., or PO Box No.  153 Bridgewood Path
City, State, ZIP+4  SEGUIN, TX 78155

PS Form 3800, July 2014   See Reverse for Instructions

7015 0920 0001 4524 8950

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Christopher D. Mayclin
153 Bridgewood Path
Seguin, TX 78155

9590 9403 0302 5155 9540 02

2. Article Number (Transfer from service label)
7015 0920 0001 4524 8950

PS Form 3811, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                     □ Agent
                      □ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:  □ No

3. Service Type
□ Priority Mail Express®
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery (over $500)
□ Registered Mail™
□ Registered Mail Restricted Delivery
□ Return Receipt for Merchandise
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

Domestic Return Receipt

MICHAEL CARR                    DOCKET NO: 607,831

VERSUS                          1ST JUDICIAL DISTRICT COURT

CHRISTOPHER D. MAYCLIN, CRETE   PARISH OF CADDO
CARRIER CORPORATION,
HARTFORD INSURANCE COMPANY      STATE OF LOUISIANA
OF THE MIDWEST, MASON HOLLIS,
GEICO CASUALTY COMPANY and
STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY

## ANSWER TO PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes defendant, GEICO Casualty

Company, defendant herein, who appears for the purpose of responding to plaintiff's Petition for

Damages, and who respectfully avers as follows:

1.

The allegations of Paragraph 1 of the plaintiff's Petition are denied except to admit that

CHRISTOPHER D. MAYCLIN, CRETE CARRIER CORPORATION, HARTFORD

INSURANCE COMPANY OF THE MIDWEST, MASON HOLLIS, GEICO CASUALTY

COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY are

named defendants herein.

2.

The allegations of Paragraph 2 of plaintiff's Petition are denied for lack of sufficient

information to justify a belief therein.

3.

The allegations of Paragraph 3 of the plaintiff's Petition are denied for lack of sufficient

information to justify a belief therein.

4.

The allegations of Paragraph 4 of the plaintiff's Petition are denied for lack of sufficient

information to justify a belief therein.

5.

The allegations of Paragraph 5 of the plaintiff's Petition are denied for lack of sufficient

information to justify a belief therein .

6.

The allegations of Paragraph 6 of the plaintiff's Petition are denied for lack of sufficient

information to justify a belief therein.

FILED

MAY -8 2018

SHARON NEWTON
DEPUTY CLERK OF COURT

7.

The allegations of Paragraph 7 of the plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of Paragraph 8 of the plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

9.

The allegations of Paragraph 9 of the plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph 10 of the plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of Paragraph 11 of the plaintiff's Petition are admitted.

12.

The allegations of Paragraph 12 of the plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of Paragraph 13 of the plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of Paragraph 14 of the plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of Paragraph 15 of the plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 16 of the plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of Paragraph 17 of the plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

18.

The allegations of Paragraph 18 of the plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein except to aver that if a relevant policy of insurance was afforded herein by GEICO Casualty Company, said policy is that best evidence of its contents and is pled herein as if copied herein *in extenso*.  GEICO Casualty Company specifically denies any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusions or limitations of said policy.

19.

The allegations of Paragraph 19 of the plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

20.

The allegations of Paragraph 20 of the plaintiff's Petition are denied.

21.

The allegations of Paragraph 21 of the plaintiff's petition are denied.

22.

The allegations of Paragraph 22 of the plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

23.

The allegations of Paragraph 23 of the plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

24.

The allegations of Paragraph 24 of the plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

25.

The allegations of Paragraph 25 of the plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

**FURTHER ANSWERING:**

26.

Defendant, GEICO Casualty Company, desires a trial by jury and will post such bond as the Court may demand.

27.

Defendants plead all limitations and defenses of La. R.S. 32:866 and the Louisiana Compulsory Motor Vehicle Liability Law that may be applicable to any plaintiff who was the owner or operator of a motor vehicle involved in the accident described in the petition.

28.

GEICO Casualty Company specifically avers that it is entitled to a credit on any judgment rendered against it to the full extent of any other policy of insurance issued and/or available to the plaintiff, Michael Carr, for the alleged damages at issue herein.

29.

In the event discovery and/or trial shows that plaintiff has failed to mitigate his/her damages, defendant affirmatively pleads plaintiff's failure to mitigate is a bar to recovery of some or all damages claimed.

30.

Respondent shows that if any of the medical expenses claimed by petitioners in this case have been paid pursuant to Medicare and/or Medicaid, then pursuant to 42 U.S.C. Section 1395(v)(b)(B)(ii)(b)(a) and La. R.S. 46:153(E), plaintiffs have no cause of action for recovery of any medicals paid by Medicare and/or Medicaid as the acceptance of payment by or on behalf of plaintiffs constitutes a complete assignment of rights to said entities for recovery of those benefits.

31.

Defendant shows that if this court finds that the action or inaction of any other person or entity, whether a party to this action or not, contributed to the alleged accident, then the liability of defendant should be proportionately reduced by the percentage of negligence attributable to said party or non-party in accordance with the principles of comparative negligence.

32.

Defendants affirmatively plead the doctrine of sudden emergency as the subject accident was unavoidable and the result of the actions/inactions of third parties which this defendant had no control.

33.

Pursuant to Louisiana Code of Civil Procedure Article 1572, undersigned counsel hereby requests written notice at least ten (10) days in advance of the date of any trial in the captioned proceedings and further requests pursuant to Louisiana Code of Civil Procedure Articles 1913 and 1914 notice of the signing of all interlocutory and final orders and judgments in the captioned proceeding.

**WHEREFORE,** respondent, GEICO Casualty Company prays that this Answer be deemed good and sufficient and that after due proceedings had, that there be judgment in their favor dismissing the suit of plaintiff with prejudice, at plaintiff's cost, and for all general and equitable relief.

Respectfully Submitted,

Law Office of J. Brad Smitherman

J. Brad Smitherman, 25256
Joshua A. Scott, 34083
401 Market Street, Suite 970
Shreveport, LA 71101
Telephone: (318) 841-7611
Telecopier: (318) 841-7614
Attorney for GEICO Casualty Company

**CERTIFICATE OF SERVICE**

I certify that the above and foregoing has been served on all counsel of record by placing same in the United States Mail and proper postage thereon to:

Roland McKneely
Attorney at Law
1910 Citizens Bank Drive
Bossier City, LA 71111

This, the 30th day of April, 2018

J. Brad Smitherman

# LAW OFFICE OF J. BRAD SMITHERMAN
## ATTORNEYS AND SUPPORT STAFF ARE EMPLOYEES OF
## GOVERNMENT EMPLOYEES INSURANCE COMPANY

401 Market Street, Suite 970
Shreveport, Louisiana  71101

J. Brad Smitherman
jsmitherman@geico.com

Telephone: (318) 841-7611
Facsimile:  (318) 841-7614

Joshua A. Scott
joscott@geico.com

April 30, 2018

Clerk of Court
1st Judicial District Court
501 Texas Street, Room 103
Shreveport, LA 71101-5408

RE:   Carr vs. Mayclin, et al
      1st Judicial District Court, Docket No. 607,831
      Our File No. 18-5800

Dear Clerk:

Please find enclosed an Answer for filing into the record.  Please date stamp the enclosed copy and return to me in the enclosed pre-addressed envelope.  I have also enclosed a check in the amount of $40.00 to cover your filing fees.

Thank you for your cooperation,

Sincerely,

J. Brad Smitherman

JBS/re
Enclosure
cc:   Roland McKneely, III
      Kirsten Welsch J683 - Claim No. 0501709930101019

MICHAEL CARR       :      NUMBER: 607831–B

VERSUS       :      FIRST JUDICIAL DISTRICT COURT

CHRISTOPHER D. MAYCLIN,    :
CRETE CARRIER CORPORATION,   :
HARTFORD INSURANCE COMPANY   :
OF THE MIDWEST, MASON HOLLIS,   :
GEICO CASUALTY COMPANY, AND   :
STATE FARM MUTUAL AUTOMOBILE :
INSURANCE COMPANY      :      CADDO PARISH, LOUISIANA

> **FILED**
>
> MAY 10 2018
>
> SHARON NEWTON
> DEPUTY CLERK OF COURT

## DILATORY EXCEPTION OF IMPROPER JOINDER OF PARTIES, IMPROPER CUMULATION OF ACTIONS, AND VAGUENESS

**NOW INTO COURT**, through undersigned counsel, come CHRISTOPHER D. MAYCLIN, CRETE CARRIER CORPORATION, AND THE HARTFORD (hereinafter sometimes referred to as "EXCEPTORS"), appearing solely for the purposes of raising these dilatory exceptions of improper joinder of parties, improper cumulation of actions and vagueness, and respectfully represent the following:

1.

Plaintiff herein, **MICHAEL CARR**, filed a Petition ("Petition") alleging personal injury and damages, including past and physical pain and suffering, past and future medical, mental anguish and emotional distress, loss of earnings and earning capacity, as a result of a motor vehicle collision, allegedly a side-swipe collision, with exceptors' driver, CHRISTOPHER D. MAYCLIN, on or about April 21, 2017 in Caddo Parish, Louisiana.

2.

In his Petition, Plaintiff further alleges that Defendant, CRETE CARRIER CORPORATION, was the employer of driver, CHRISTOPHER D. MAYCLIN, and insured by THE HARTFORD (improperly named in the original petition as "Hartford Insurance Company of the Midwest"), at the time of the alleged incident.

3.

In his same Petition, Plaintiff additionally alleges the same generalized damages caused by a second driver defendant, Mason Hollis, and insured by Geico Casualty Company, as a result of a later collision, allegedly a rear-end collision, on or about May 10, 2017 in Caddo Parish, Louisiana.

4.

Plaintiff, Michael Carr, alleges the negligent acts of driver, Christopher D. Mayclin, EXCEPTOR, were the legal and factual cause of Michael Carr's injuries on April 21, 2017. Without pleading more specific facts or describing the vehicles in which he was driving, Plaintiff Carr also pleads the negligent acts of the second driver named as defendant, Mason Hollis, insured by Geico Casualty Company, in the second collision on May 10, 2017, aggravated the injuries and damages caused in the first collision, despite different physical forces of impact and different bio-mechanics involved according to plaintiff's vague descriptions of the two separate and different collisions.

5.

Plaintiff also names his insurer, State Farm Mutual Automobile Insurance Company, ostensibly based upon the presumption of his alleged damages requiring un-insured and under-insured liability coverage.

6.

EXCEPTORS assert the petition's vagueness and ambiguity, the improper cumulation of actions based upon different collisions on separate dates with separate party defendants. The improper joinder of the party defendants may create confusion for the finders of fact and provide unfair bias or unduly prejudice the EXCEPTORS in the likely event that the cause of plaintiff's property damages and bodily injuries is indistinguishable between the defendants based upon the very slight impact with EXCEPTOR driver's vehicle and the short time span (20 days) between accidents. Further, whether the second motor vehicle accident caused or exacerbated plaintiff's alleged injuries has no cause in fact relative to any liability, damages or injuries allegedly occurring in the first motor vehicle accident involving EXCEPTORS on April 21, 2017.

7.

EXCEPTORS desire and are entitled to their dilatory exceptions of vagueness, improper cummulation of actions, and improper joinder of parties, granted dismissing plaintiff's claims against them or ordering separation of lawsuits and separate trials thereon.

**WHEREFORE**, Exceptor Defendants, CHRISTOPHER D. MAYCLIN, CRETE CARRIER CORPORATION, AND THE HARTFORD, prays that the above outlined

exceptions be sustained and that after due proceedings had, that all claims against them, be dismissed, **with** prejudice, or judgment be granted in their favor separating the cumulation of actions and joinder of parties, with separate trials thereon, at plaintiff's cost.

**FURTHER PRAY** that the plaintiff, be ordered to appear before this Honorable Court, on a date and time to be determined by the Court, to show cause, if cause can be shown, why the exceptions raised by defendants should not be granted, and why plaintiff's suit should not be dismissed, with prejudice, or alterantively, judgment be granted in their favor separating the cumulation of actions and joinder of parties, with separate trials thereon, at Plaintiffs' cost.

Respectfully submitted,

PERKINS & ASSOCIATES, L.L.C.:

By: _____
    Mark A. Perkins, # 18529
    John F. Frederickson, #5842

401 Market Street, Suite 900
Shreveport, Louisiana 71101
Telephone: 318/222-2426
Facsimile: 318/222-0458

ATTORNEYS FOR DEFENDANTS
CHRISTOPHER D. MAYLIN, CRETE
CARRIER CORPORATION, AND THE
HARTFORD

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendants' Dilatory Exceptions of Improper Joinder of Parties, Vagueness and Improper Cumulation of Actions with Supporting Memorandum have been served upon the plaintiff through his attorney of record by placing same in the United States Mail, properly addressed to Roland V. McKneely, III, A.P.L.C., 1910 Citizen Bank Drive, Suite A, Bossier City, LA 71111, with sufficient postage affixed thereon, on this _10_ day of May, 2018.

_____
OF COUNSEL

| MICHAEL CARR | : | NUMBER: 607831-B |
|---|---|---|
| VERSUS | : | FIRST JUDICIAL DISTRICT COURT |
| CHRISTOPHER D. MAYCLIN,<br>CRETE CARRIER CORPORATION,<br>HARTFORD INSURANCE COMPANY<br>OF THE MIDWEST, MASON HOLLIS,<br>GEICO CASUALTY COMPANY, AND<br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY | :<br>:<br>:<br>:<br>:<br>:<br>: | CADDO PARISH, LOUISIANA |

## ORDER

Considering the foregoing Exceptions:

IT IS ORDERED that Plaintiff, MICHAEL CARR, appear before this Honorable Court on the _____ day of _____, 2018, at _____ a.m./p.m. to show cause, if any can be shown, why the prayed for exceptions should not be granted in favor of Defendants, Christopher D. Mayclin, Crete Carrier Corporation and The Hartford, why judgment should not be rendered ordering the two accident claims separated with separate trials for the respective defendants, or alternatively, in default thereof, why the Plaintiffs' claims against them should not be dismissed with prejudice at Plaintiffs' cost.

THUS DONE AND SIGNED on this the _____ day of _____, 2018 in Shreveport, Louisiana.

_____
**DISTRICT JUDGE**

**SERVICE INFORMATION:**

Plaintiff, Michael Carr,
through his attorney of record,
Roland V. McKneely, III, A.P.L.C.
1910 Citizens Bank Drive, Suite A
Bossier City, LA 71111

Exceptors have mailed or delivered a courtesy copy of the above Exception to counsel for:
GEICO–Mr. Josh Scott, Suite 970, 401 Market Street, Shreveport, LA 71101

STATE FARM–Mr. Thomas Bordelon, Suite 1150, 401 Market Street, Shreveport, LA 71101

MICHAEL CARR                                :        NUMBER: 607831–B

VERSUS                                      :        FIRST JUDICIAL DISTRICT COURT

CHRISTOPHER D. MAYCLIN,                     :
CRETE CARRIER CORPORATION,                  :
HARTFORD INSURANCE COMPANY                  :
OF THE MIDWEST, MASON HOLLIS,               :
GEICO CASUALTY COMPANY, AND                 :
STATE FARM MUTUAL AUTOMOBILE                :
INSURANCE COMPANY                           :        CADDO PARISH, LOUISIANA

## MEMORANDUM IN SUPPORT OF DILATORY EXCEPTIONS OF IMPROPER JOINDER OF PARTIES, IMPROPER CUMMULATION OF ACTIONS AND VAGUENESS

**MAY IT PLEASE THE COURT:**

This matter comes before this Honorable Court by Defendants, CHRISTOPHER D. MAYCLIN, CRETE CARRIER CORPORATION, AND THE HARTFORD (hereinafter sometimes referred to as "EXCEPTORS"), appearing solely for the purposes of raising these dilatory exceptions of improper joinder of parties, improper cumulation of actions and vagueness, Defendants respectfully request this Honorable Court to grant the incorporated exceptions, and dismiss with prejudice all of plaintiffs' claims against Defendants at plaintiff's cost, or alternatively, order a separate trial on the separate causes of actions by separate defendants, as shown below.

### FACTUAL BACKGROUND

On or about April 3, 2018, Michael Carr ("Plaintiff") filed a Petition for Damages on his behalf, against multiple defendants, Christopher D. Mayclin, Crete Carrier Corporation, Hartford Insurance Company of the Midwest (which should have been named as "The Hartford"), Mason Hollis, Geico Casualty Company, and State Farm Mutual Automotive Insurance Company alleging damages sustained by Mr. Michael Carr as a result of two separate motor vehicle collisions in Caddo Parish, Louisiana.  CARR alleged the first collision occurred on or about April 21, 2017 between plaintiff and defendant driver, Christopher D. Mayclin, Mr. Mayclin's employer, Crete Carrier Corporation, and their insurer, The Hartford.

The second collision allegedly occurred on or about May 10, 2017 between plaintiff and the defendant driver, Mason Hollis, and insured by Geico Casualty Company. Plaintiff

named as an additional defendant, State Farm Mutual Automobile Insurance Company, presumably his uninsured/under insured insurance carrier.

## LAW AND ARGUMENT

### Exception of Vagueness:

With vague allegations, Plaintiff, Michael Carr (hereinafter referred to as "CARR"), has improperly joined the EXCEPTOR defendants, Christopher Mayclin, Crete Carrier Corporation and The Hartford, all with alleged involvement in a motor vehicle accident on April 21, 2017 eastbound on I-220, presumably at the north end of Cross Lake bridge in the vicinity of construction. CARR seeks to join these defendant EXCEPTORS, with a separate group of defendants, with alleged involvement in a separate accident on a separate date, May 10, 2017. CARR alleges this separate accident on a separate date also took place somewhere on I-220. CARR alleges this second accident involved a rear end collision between him and the second defendants. But CARR fails to state whether this separate accident was in the near vicinity of any construction.

CARR also fails to specify what specific bodily injuries may have been aggravated by the second accident. CARR simply states generic medical expenses and pain and suffering without specific injuries. For these reasons EXCEPTORS respectfully submit CARR'S allegations against them are unacceptably vague. CARR'S failure to allege specific facts relative to any personal bodily injury or property damage allegedly occurring in the first accident on April 21, 2017 unduly prejudice the defense by EXCEPTORS for their potential liability. This failure impermissibly creates a cloud of confusion of plaintiff pleadings for any alleged liability by EXCEPTORS for any damages sustained by CARR on the different date of May 10, 2017 at perhaps at some other location along I-220, with perhaps different physical forces in motion. EXCEPTORS are unfairly prejudiced in having to defend themselves against any damages allegedly sustained by CARR in the second accident, which clearly are outside of the scope of any alleged negligent act by them. This cloud of vagueness and confusion supports the EXCEPTORS' exception of vagueness.

Louisiana Code of Civil Procedure Article 891 requires that a petition contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation, La. C.C.P.

Art. 891 (2013). There are no technical forms of pleadings; all allegations of fact shall be set forth in numbered paragraphs, and shall be simple, concise, and direct. La. C.C.P. Art. 854 (2013). Any petition that fails to do this is subject to an exception of vagueness on its face. *Vanderbrook v. Jean,* 959 So.2d 965 (La. App. 1 Cir. 2007). Finding that the defendant waived its exception by answering the petition, the Louisiana First Circuit Court of Appeals Court reversed the trial court's judgment granting an exception of vagueness.

In *Laborde v. American National Property & Casualty Companies,* (La. App. 3d Cir 1/31/2001), 780 So. 2d 501, *writ denied* 791 So. 2d 634 (La. 4/27/2001), the doctrine of improper joinder is governed by Article 463 of the Louisiana Code of Civil Procedure, which states in pertinent part: Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:

(1)   There is a community of interest between the parties joined;

(2)   Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and

(3)   All of the actions cumulated are mutually consistent and employ the same form of procedure.

*Louisiana Code of Civil Procedure Article 463 (2012).*

Defendant EXCEPTORS argue there is no community of interest between them and the second named set of defendants involved in the second accident on a different date; therefore they have been improperly joined as defendants to this suit. Whether several parties may be joined as parties defendant depends on whether they have a common interest or liability in respect of the subject matter of the suit. *Keel v. Rodessa Oil & Land Co., 180 So. 502 (La. 1938).* In *Laborde v. American National Property & Casualty Companies,* (La. App. 3d Cir 1/31/2001), 780 So. 2d 501, *writ denied* 791 So. 2d 634 (La. 4/27/2001), the court affirmed the exception of improper joinder of multiple defendants involved in three (3) separate accidents. The court stated: A "cause of action" is "the operative facts which give rise to the plaintiff's right to **judicially assert the action against the defendant.**" *Everything on Wheels v. Subaru South, 616 So. 2d 1234, 1238 (La.1993).* In the instant case there were three separate accidents. The operative facts which give rise to Mary's actions are derived from three separate occurrences. There are no common facts among the three tortfeasors relating to liability. As to damages, the

plaintiff has the burden of proving what damages were caused by each accident. Although an injury in one accident may be aggravated or exacerbated by a later accident, it is up to the inured plaintiff to prove, as a separate injury, the aggravation or exacerbation. There is no community of interest between the parties joined. See *Jenkins v. Lindsey, 97-0492 (La. App. 4 Cir. 4/16/97), 693 So.2d 238.* Thus, the trial court properly granted the exception of improper cumulation of actions.

Similarly, in the case at bar, there is no community of interest among the defendants despite the existence of one plaintiff. Separate accidents occurred on separate dates. Based upon the allegations, it appears that different bio-mechanical physical forces were in play in the accidents with separate resulting injuries, if any. EXCEPTORS have no community of interest in the second accident or the defendants involved in same. EXCEPTORS bear no liability for any damages allegedly sustained by the plaintiff in the second accident. Therefore, EXCEPTORS have been improperly joined as defendants in the plaintiff's lawsuit. EXCEPTORS would be unfairly prejudiced in defending themselves against the cause of action and resulting damages involved in the second accident.

## Improper Cumulation of Actions:

EXCEPTORS respectfully submit that the Court has wise discretion to order separate trials on the basis of fairness to the defendants and avoidance of confusion as to causation of damages to the plaintiff. As provided by *La. C. C. P.* Art 464:

When the cumulation is improper for any other reason, the court may: (1) order separate trials of the actions; or (2) order the plaintiff to elect which actions he shall proceed with, and to amend his petition so as to delete therefrom all allegations relating to the action which he elects to discontinue. The penalty for noncompliance with an order to amend is a dismissal of plaintiff's suit.

In *Johnson v. Marvin Cutrer Contractor,* (La. App. 2d Cir. 1977), 348 So. 2d 1256, the appellate court held that separate trials should have been ordered in a case involving both worker's compensation and personal injury tort damages. EXCEPTORS respectfully submit that a severance of the respective claims is warranted in the case at bar.

When the Court is of the opinion that it would simplify the proceedings, would

permit a more orderly disposition of the case, or would otherwise be in the interest of justice, at any time prior to trial, it may order a separate trial of cumulated actions, even if the cumulation is proper. *La. C. C. P.* Art. 465.

As the *Official Comments* to Art. 465 state, "The right oif the trial judge to grant a severance, or separate trials, of actions even though cumulated properly, when these actions cannot be conveniently tried together, or when one of the defendants will be prejudiced thereby, is well recognized in Louisiana."

EXCEPTORS respectfully submit that the trial of these two separate accidents together involving the plaintiff with separate defendants will unduly prejudice their defense.

## CONCLUSION

For the foregoing reasons set forth, Exceptors respectfully submit to the Court's consideration in granting their exceptions of vagueness, improper joinder of party defendants and improper cumulation of actions in order to avoid unfair prejudice to their defense. The lack of specificity to the alleged damages resulting from the Exceptors' actions and Carr's effort to unfairly confuse any resulting damages from the two separate and distinguishable accidents prevent a fair ajudication of the claims and attribution to the appropriate tortfeasor. Without a community of interest among the defendants, a combined trial presents a highly likely miscarriage of justice.

Respectfully submitted,

PERKINS & ASSOCIATES, L.L.C.

By: _____

Mark A. Perkins, #18529
John F. Frederickson, #5842

401 Market Street, Suite 900
Shreveport, Louisiana 71101
Telephone: 318/222-2426
Facsimile: 318/222-0458

ATTORNEYS FOR DEFENDANTS
CHRISTOPHER D. MAYCLIN,
CRETE CARRIER CORPORATION,
AND THE HARTFORD

FILED

MAY 10 2018

SHARON NEWTON
DEPUTY CLERK OF COURT

| | | |
|---|---|---|
| MICHAEL CARR | : | DOCKET NO. 607831-B |
| VERSUS | : | |
| CHRISTOPHER D. MAYCLIN, | : | 1st JUDICIAL DISTRICT COURT |
| CRETE CARRIER CORPORATION | : | |
| HARTFORD INSURANCE COMPANY | : | |
| OF THE MIDWEST, MASON HOLLIS, | : | |
| GEICO CASUALTY COMPANY, AND | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY | : | CADDO PARISH, LOUISIANA |

## NOTICE TO ADVERSE PARTIES
## AND STATE COURT OF REMOVAL

Defendants, CHRISTOPHER D. MAYCLIN, CRETE CARRIER CORPORATION, THE HARTFORD give notice that this action has been removed to the United States District Court of the Western District of Louisiana, Shreveport Division pursuant to Defendant's Notice of Removal, a copy of which is attached, without exhibits, hereto for filing in this Court and which has been served by mail on counsel for Plaintiff, MICHAEL CARR.

Respectfully submitted,

PERKINS & ASSOCIATES, L.L.C.:

By: _____
Mark A. Perkins, # 18529
John F. Frederickson, # 5842

401 Market Street, Suite 900
Shreveport, Louisiana 71101
Telephone: 318/222-2426
Facsimile: 318/222-0458
Perkins@perkinsfirm.com
Frederickson@perkinsfirm.com

ATTORNEYS FOR DEFENDANTS, CHRISTOPHER D. MAYCLIN, CRETE CARRIER CORPORATION, THE HARTFORD

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _10_ day of _MAY_____, 2018, a copy of the foregoing Notice to Adverse Parties and State Court of Removal has been served upon counsel for Plaintiff by hand delivery or by placing same in the United States Mail, with sufficient postage affixed thereon, properly addressed to Roland V. McKneely, III, 1910 Citizens Bank Drive, Bossier City, LA 71111; GEICO, through Josh Scott, Suite 970, 401 Market Street, Shreveport, Louisiana 71101; STATE FARM, through Thomas Bordelon, Suite 1150, 401 Market Street, Shreveport, Louisiana.

OF COUNSEL

MICHAEL CARR                                    :        NUMBER: 607831–B

VERSUS                                          :        FIRST JUDICIAL DISTRICT COURT

CHRISTOPHER D. MAYCLIN,                         :
CRETE CARRIER CORPORATION,                      :
HARTFORD INSURANCE COMPANY                      :
OF THE MIDWEST, MASON HOLLIS,                   :
GEICO CASUALTY COMPANY, AND                     :
STATE FARM MUTUAL AUTOMOBILE                    :
INSURANCE COMPANY                               :        CADDO PARISH, LOUISIANA

### ORDER

Considering the foregoing Exceptions:

IT IS ORDERED that Plaintiff, MICHAEL CARR, appear before this Honorable Court,

on the ___9th___ day of ___July___, 2018, at __9:30__ a.m./p.m. to show cause,

if any can be shown, why the prayed for exceptions should not be granted in favor of

Defendants, Christopher D. Mayclin, Crete Carrier Corporation and The Hartford, why

judgment should not be rendered ordering the two accident claims separated with separate

trials for the respective defendants, or alternatively, in default thereof, why the Plaintiffs'

claims against them should not be dismissed with prejudice at Plaintiffs' cost.

THUS DONE AND SIGNED on this the ___11__ day of ___May___, 2018 in

Shreveport, Louisiana.

_____
DISTRICT JUDGE

**SERVICE INFORMATION:**

Plaintiff, Michael Carr,                         IF THIS MATTER WILL NOT BE
through his attorney of record,                  HEARD ON THE DATE SET,
Roland V. McKneely, III, A.P.L.C.                NOTIFY JUDGE BY THE PRECEDING
1910 Citizens Bank Drive, Suite A                THURSDAY AFTERNOON
Bossier City, LA 71111

Exceptors have mailed or delivered a courtesy copy of the above Exception to counsel
for:
GEICO–Mr. Josh Scott, Suite 970, 401 Market Street, Shreveport, LA 71101

STATE FARM–Mr. Thomas Bordelon, Suite 1150, 401 Market Street, Shreveport, LA
71101

breanet

CPCC.CV.200782

# Rule to Show Cause

MICHAEL CARR
      VS
CHRISTOPHER D MAYCLIN, ET AL

NO. 607831 – B
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

TO:  MICHAEL CARR
     THRU ROLAND MCKNEELY,III,ATTORNEY
     1910 CITIZENS BANK DRIVE,SUITE A
     BOSSIER CITY, LA
     71111

09
44
#1

RECEIVED
MAY 23 2018
Bossier Parish
Sheriff
Benton, USA

GREETINGS:

YOU ARE HEREBY ORDERED, DIRECTED, AND COMMANDED, in the name of the State of Louisiana and of this Honorable Court, to show cause before this Court on **JULY 9,2018**, at **9:30 AM**, why you should not comply with all that is contained in the certified copy of the order which accompanies this RULE AND HEREIN FAIL NOT.

WITNESS the Honorable Judges of our Court on this date May 18, 2018.

OTHER:  DILATORY EXCEPTION OF
         IMPROPER JOINED OF
         PARTIES,IMPROPER CUMULATION
         OF ACTIONS AND VAGUENESS

MIKE SPENCE, CLERK OF COURT

By: _____
           Deputy Clerk

_____
JOHN FREDERICKSON
Attorney

SERVICE INFORMATION:     Date  _05/23/18_____

Personal ✓ Domiciliary ____ to _____

                                FILED

Unserved ____ because _____  SHERIFF RETURN

Remarks _____  MAY 25 2018

          1325 ____                MIKE SPENCE

                              CLERK OF COURT

          Deputy Sheriff

karain

CPCC.CV.586610

# Citation

MICHAEL CARR
VS
CHRISTOPHER D MAYCLIN, ET AL

NO. 607831–B
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:    MASON HOLLIS
237 DANA LN
BOSSIER CITY, LA 71111

RECEIVED
OCT 11 2018
Bossier Parish
Sheriff
Benton, LA.

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued
for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received
these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court
at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN
(15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date October 9, 2018.

*Also attached are the following:
_____ REQUEST FOR ADMISSIONS OF FACTS
_____ INTERROGATORIES
_____ REQUEST FOR PRODUCTION OF DOCUMENTS
_____

**MIKE SPENCE, CLERK OF COURT**

By: _____
                    Deputy Clerk

ROLAND V MCKNEELY III - 6475
                    Attorney

-------------------------------------------------------------------------
SERVICE INFORMATION:            Date _____ 10-15-18

Personal _____ Domiciliary ✓ to _William Nichols_

Unserved _____ because _____

Remarks _____

                    15/4

                    Deputy Sheriff

FILED
SHERIFF RETURN

OCT 17 2018

MIKE SPENCE
CLERK OF COURT

Attempted: 10/15/18 @ 0700
10/15/18 @ 0900
10/15/18 @ 1820

# JULIAN C. WHITTINGTON
## SHERIFF & EX-OFFICIO TAX COLLECTOR BOSSIER PARISH

Clerk of Court  Caddo Parish
501 Texas Street, Room 103

Shreveport, LA  71101

**DISTRICT COURT**
FOR THE PARISH OF BOSSIER
10/11/2018

---

Case: (09)  607831          MICHAEL CARR vs CHRISTOPHER D. MAYCLIN, ETAL

| Nbr | Date | Service Type | Charges |
|-----|------|-------------|---------|
| 2 | 10/11/2018 | Citation | $30.00 |
| | | HOLLIS, MASON; 237 DANA LANE; BOSSIER CITY, LA 71111 | |
| 2 | 10/11/2018 | Mileage Charge | $16.20 |
| | | **Case Total:** | **$46.20** |

C

**Total:**          **$46.20**

---

**FILED**
SHERIFF RETURN

**OCT 17 2018**

MIKE SPENCE

CLERK OF COURT

---

Please make check payable to:
JULIAN C. WHITTINGTON, SHERIFF &
EX-OFFICIO TAX COLLECTOR
P.O.Box 850
BENTON, LA 71006

RETAIN FOR YOUR RECORDS

MICHAEL CARR

VERSUS

CHRISTOPHER D. MAYCLIN, CRETE
CARRIER CORPORATION, HARTFORD
INSURANCE COMPANY OF THE MIDWEST,
MASON HOLLIS, GEICO CASUALTY
COMPANY, AND STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY

SUIT NUMBER:      607831-B

1ST JUDICIAL DISTRICT COURT

CADDO PARISH, LOUISIANA

## ANSWER

NOW INTO COURT, through undersigned counsel, comes defendant, STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY, as alleged uninsured/underinsured motorist
carrier of the plaintiff, Michael Carr, which with respect denies each and every allegation of the
Petition for Damages filed by plaintiff, except as same may be hereinafter specifically admitted and,
more particularly answering each allegation thereof, with respect shows that:

1.

The allegations of paragraph one of the Petition for Damages are admitted only insofar as the
identity of this defendant.

2.

The allegations of paragraph two of the Petition for Damages are denied for lack of sufficient
information to justify a belief therein.

3.

The allegations of paragraph three of the Petition for Damages are denied for lack of
sufficient information to justify a belief therein.

4.

The allegations of paragraph four of the Petition for Damages are denied for lack of sufficient
information to justify a belief therein.

5.

The allegations of paragraph five of the Petition for Damages are denied for lack of sufficient
information to justify a belief therein.

6.

The allegations of paragraph six of the Petition for Damages are denied for lack of sufficient

information to justify a belief therein.

7.

The allegations of paragraph seven of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of paragraph eight of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

9.

The allegations of paragraph nine of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of paragraph ten of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of paragraph eleven of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of paragraph twelve of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of paragraph thirteen of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of paragraph fourteen of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of paragraph fifteen of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of paragraph sixteen of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of paragraph seventeen of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

18.

The allegations of paragraph eighteen of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of paragraph nineteen of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

20.

The allegations of paragraph twenty of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

21.

The allegations of paragraph twenty-one of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

22.

It is admitted a policy of insurance was issued by State Farm Mutual Automobile Insurance Company to Michael Carr. The policy is the best evidence of its contents and strict proof thereof is required. The remaining allegations of paragraph twenty-two of the petition for damages are denied for lack of sufficient information to justify a belief therein.

23.

It is admitted a policy of insurance was issued by State Farm Mutual Automobile Insurance Company to Michael Carr. The policy is the best evidence of its contents and strict proof thereof is required. The remaining allegations of paragraph twenty-two of the petition for damages are denied for lack of sufficient information to justify a belief therein.

3

24.

The allegations of paragraph twenty-four of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

25.

The allegations of paragraph twenty-five of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

26.

Defendant is entitled to and requests trial by jury.

WHEREFORE, defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as alleged uninsured/underinsured motorist carrier of the plaintiff, Michael Carr, prays:

a)      For trial by jury;

b)      That the above and foregoing answer be deemed good and sufficient and after all due proceedings are had there be judgment herein rejecting the demands of plaintiff with prejudice at his cost; and

c)      For all just and equitable relief.

<table>
<tr><td>

I HEREBY CERTIFY that a copy of the above and foregoing has been served on all counsel of record via Facsimile.

Shreveport, Louisiana, this 10th day of October, 2018.

THOMAS A BORDELON

</td><td>

Respectfully submitted,
Law Offices of Thomas Bordelon, LLC

BY: _____
Thomas A. Bordelon  #22263
401 Market Street, Suite 1150
Shreveport, LA  71101
Telephone: (318) 562-1010
Telecopier: (318) 562-1011
ATTORNEY FOR STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY, as alleged
uninsured/underinsured motorist carrier of the plaintiff, Michael Carr

</td></tr>
</table>

MICHAEL CARR

VERSUS

CHRISTOPHER D. MAYCLIN, CRETE
CARRIER CORPORATION, HARTFORD
INSURANCE COMPANY OF THE MIDWEST,
MASON HOLLIS, GEICO CASUALTY
COMPANY, AND STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY

SUIT NUMBER:      607831-B

1ST JUDICIAL DISTRICT COURT

CADDO PARISH, LOUISIANA

## ORDER

THE FOREGOING CONSIDERED:

IT IS HEREBY ORDERED defendant, STATE FARM MUTUAL AUTOMOBILE

INSURANCE COMPANY, as alleged uninsured/underinsured motorist carrier of the plaintiff,

Michael Carr, be and the same is granted trial by jury upon posting the deposit of

$_____ 60 days prior to the date of trial.

Shreveport, Caddo Parish, Louisiana this ____ day of _____, 2018.


_____
DISTRICT COURT JUDGE

5

MICHAEL CARR

VERSUS

CHRISTOPHER D. MAYCLIN, CRETE
CARRIER CORPORATION, HARTFORD
INSURANCE COMPANY OF THE MIDWEST,
MASON HOLLIS, GEICO CASUALTY
COMPANY, AND STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY

SUIT NUMBER:    607831-B

1ST JUDICIAL DISTRICT COURT

CADDO PARISH, LOUISIANA

### REQUEST FOR TEN DAYS NOTICE OF
### SETTING AND FOR NOTICE OF JUDGMENT

NOW INTO COURT, through undersigned counsel, comes defendant, STATE FARM

MUTUAL AUTOMOBILE INSURANCE COMPANY, as alleged uninsured/underinsured motorist

carrier of the plaintiff, Michael Carr, which respectfully requests that it be given at least ten (10) days

written notice in advance of any setting in the above captioned matter, whether same be for trial,

hearing, etc., in accordance with provisions of Louisiana Code of Civil Procedure, article 1572.

Appearer further requests written notice of any judgment or interlocutory order in accordance

with provisions of Louisiana Code of Civil Procedure, article 1914.

I HEREBY CERTIFY that a copy of the above and
foregoing has been served on all counsel of record via
Facsimile.

Shreveport, Louisiana, this 10th day of October,
2018.

THOMAS A BORDELON

Respectfully submitted,
Law Offices of Thomas Bordelon, LLC

BY: _____
Thomas A. Bordelon  #22263
401 Market Street, Suite 1150
Shreveport, LA 71101
Telephone: (318) 562-1010
Telecopier: (318) 562-1011
ATTORNEY FOR STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY, as alleged
uninsured/underinsured motorist carrier of the
plaintiff, Michael Carr

RECEIVED FAX – SEE STAMP
NEW SUIT $300.00 + $100.00 FOR ADDITIONAL SERVICES
$150.00 FOR EACH SECRETARY OF STATE SERVICE
IF NO SERVICE FIRST PAGE IS $20.00, EACH ADDITIONAL PAGE $5.00
EXHIBITS ARE $2.00 PER PAGE, CURATOR FEE IS $200.00
ATTACH THIS SHEET TO PLEADING

MICHAEL CARR : DOCKET NO. 607831-B

VERSUS : 1st JUDICIAL DISTRICT COURT

CHRISTOPHER D. MAYCLIN, ET AL : CADDO PARISH, LOUISIANA

## MOTION TO DISMISS THE HARTFORD
## WITHOUT PREJUDICE

ON MOTION by plaintiff, MICHAEL CARR, through undersigned counsel to dismiss

a named defendant herein, THE HARTFORD, WITHOUT PREJUDICE,

IT IS ORDERED that THE HARTFORD be and is hereby dismissed WITHOUT

prejudice, from this lawsuit and proceedings herein, at the cost of defendant,

THUS DONE AND SIGNED on this the _____ day of November, 2018 at

Shreveport, Louisiana.

_____
DISTRICT JUDGE

Respectfully submitted,

ROLAND V. MCKNEELY, III, A.P.L.C.

By: _____
Roland V. McKneely, III  #27731

1910 Citizens Bank Drive, Suite A
Bossier City, Louisiana 71111
Telephone: (318)742-7466
Facsimile: (318)746-2251

ATTORNEY FOR PLAINTIFF,
MICHAEL CARR

## CERTIFICATE

This will certify that a copy of the foregoing Motion and Order was sent signed to

all parties/counsel of record by depositing a copy in the U. S. Mail, postage prepared and

properly addressed on this the ___7___ day November, 2018.

FAX

FILED

NOV 09 2018

MIKE SPENCE, CLERK OF COURT
CADDO PARISH

_____
OF COUNSEL

PGS____ EXH____ MIN____
CC____ CP____ MAIL__N/J__
INDEX____ REC____ FAX__✓__
W/D DOC____ CERT MAIL__✓__
SERVICE____

6475

## PERKINS & ASSOCIATES, L.L.C.
### ATTORNEYS AT LAW

MARK A. PERKINS*
JOHN F. FREDERICKSON
CODY T. GROSSHART
TARA HOFFMAN(OF COUNSEL)

401 MARKET STREET, SUITE 900
SHREVEPORT, LOUISIANA 71101
WWW.PERKINSFIRM.COM

TELEPHONE: (318) 222-2426
FACSIMILE: (318) 222-0458
FREDERICKSON@PERKINSFIRM.COM

*ALSO ADMITTED IN TEXAS

November 9, 2018

**VIA: FACSIMILE (318) 227-9080**
Honorable Mike Spence
Clerk of Court
First Judicial District Court
501 Texas Street, Suite 103
Shreveport, LA 71101

Re:   Michael Carr v. Christopher D. Mayolin, et al., Docket No.: 607831-B, 1st
      Judicial District, Caddo Parish, Louisiana
      **FAX FILE REQUEST**

Dear Mr. Spence:

Enclosed please find the original and one copy of the *Motion to Dismiss The Hartford Without Prejudice* to be filed in the above captioned matter.

Please file into the above referenced suit record. The original and one copy will be mailed to you along with the check in the amount you request to cover the filing costs.

Thank you for your assistance with this matter. If you have any questions or concerns feel free to contact me. With kindest regards, I am

Very truly yours,

Mark A. Perkins
Perkins & Associates, LLC

MAP/bjr
Enclosures

P:\Dia\Prod\Motion\Check Dismiss\CarrCheck In 03 (Mtn to Dismiss The Hartford).wpd

| | | |
|---|---|---|
| MICHAEL CARR | : | DOCKET NO. 607831-B |
| | : | |
| VERSUS | : | |
| | : | |
| CHRISTOPHER D. MAYCLIN, | : | 1st JUDICIAL DISTRICT COURT |
| CRETE CARRIER CORPORATION | : | |
| HARTFORD INSURANCE COMPANY | : | |
| OF THE MIDWEST, MASON HOLLIS, | : | |
| GEICO CASUALTY COMPANY, AND | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY | : | CADDO PARISH, LOUISIANA |

## MOTION TO RESET HEARING ON PENDING DILATORY EXCEPTIONS OF IMPROPER JOINDER OF PARTIES, IMPROPER CUMULATION OF ACTIONS, AND VAGUENESS

NOW INTO COURT, through undersigned counsel, comes CHRISTOPHER D. MAYCLIN, CRETE CARRIER CORPORATION and THE HARTFORD ("EXCEPTORS"), who respectfully show:

**1.**

This matter has been remanded from the United States District Court for the Western District of Louisiana Shreveport Division, by Order to Remand dated October 4, 2018, back to the First Judicial District Court, Caddo Parish, Louisiana, Docket Number: 607,831-B.

**2.**

No trial date or other hearing is presently pending.

**3.**

EXCEPTORS show that all presently pending Exceptions of Improper Joinder of Parties, Improper Cumulation of Actions, and Vagueness are required to be reset for hearing before this Honorable Court.

**4.**

All parties have tentatively agreed to the date of December 17, 2018 and at a time and date subject to the Order of this court.

WHEREFORE, EXCEPTORS pray for an order resetting the pending Exceptions of Improper Joinder of Parties, Improper Cumulation of Actions, and Vagueness to be reset

Page 1 of 3

| | | |
|---|---|---|
| MICHAEL CARR | : | DOCKET NO. 607831-B |
| VERSUS | : | |
| | : | |
| CHRISTOPHER D. MAYCLIN, | : | 1st JUDICIAL DISTRICT COURT |
| CRETE CARRIER CORPORATION | : | |
| HARTFORD INSURANCE COMPANY | : | |
| OF THE MIDWEST, MASON HOLLIS, | : | |
| GEICO CASUALTY COMPANY, AND | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY | : | CADDO PARISH, LOUISIANA |

### ORDER TO RESET

Considering the foregoing motion:

IT IS ORDERED that Plaintiff, MICHAEL CARR, appear before this Honorable Court

on the ___17th___ day of ___December___, 2018, at ___9:30___ a.m./p.m. to show cause,

if any can be shown, why the prayed for exceptions should not be granted in favor of

Defendants, Christopher D. Mayclin, Crete Carrier Corporation and The Hartford, why

judgment should not be rendered ordering the two accident claims separated with separate

trials for the respective defendants, or alternatively, in default thereof, why the Plaintiffs'

claims against them should not be dismissed with prejudice at Plaintiffs' cost.

THUS DONE AND SIGNED on this the ___14___ day of ___Nov.___, 2018 in

Shreveport, Louisiana.

JUDGE CRAIG MARCOTTE
**DISTRICT JUDGE**

ENDORSED FILED
JIM SCOTT, Deputy Clerk

NOV 13 2018
A TRUE COPY I ATTEST

CADDO PARISH DEPUTY CLERK

**SERVICE INFORMATION:**
Plaintiff, Michael Carr,
through his attorney of record,
Roland V. McKneely, III, A.P.L.C.
1910 Citizens Bank Drive, Suite A
Bossier City, LA 71111

IF THIS MATTER WILL NOT
BE HEARD ON THE DATE
SET, NOTIFY JUDGE BY THE
THE PRECEEDING
THURSDAY AFTERNOON

**Exceptors have mailed or delivered a courtesy copy of the above Order To Reset to counsel for:**
GEICO – Mr. Josh Scott, Suite 970, 401 Market Street, Shreveport, LA 71101, and

Mr. Russell L. Potter, Stafford, Stewart & Potter, 3112 Jackson Street, Alexandria, LA 71311

STATE FARM – Mr. Thomas Bordelon, Suite 1150, 401 Market Street, Shreveport, LA 71101

sandyr                                                                    CPCC.CV.723692

# Rule to Show Cause

MICHAEL CARR                          NO. 607831 – B
     VS                              STATE OF LOUISIANA
CHRISTOPHER D MAYCLIN, ET AL          PARISH OF CADDO
                                      FIRST JUDICIAL DISTRICT COURT

TO:   MICHAEL CARR
       THRU ROLAND MCKNEELY,III,ATTORNEY
       1910 CITIZENS BANK DRIVE,SUITE A
       BOSSIER CITY, LA
       71111

**RECEIVED**
NOV 21 2018
Bossier Parish
Sheriff
Benton, LA

GREETINGS:

     YOU ARE HEREBY ORDERED, DIRECTED, AND COMMANDED, in the name of the State of Louisiana and of this Honorable Court, to show cause before this Court on **DECEMBER 17, 2018, at 9:30AM** , why you should not comply with all that is contained in the certified copy of the order which accompanies this RULE AND HEREIN FAIL NOT.

WITNESS the Honorable Judges of our Court on this date November 16, 2018.

OTHER:   MOTION TO RESET HEARING      **MIKE SPENCE, CLERK OF COURT**

By: _____
              Deputy Clerk

            JOHN FREDERICKSON
               Attorney

--------------------------------------------------------------------------------

SERVICE INFORMATION:     Date _/1- 21- 18_

Personal ✓ Domiciliary _____ to _____

Unserved _____ because _____

Remarks _____

                      FILED
                      SHERIFF RETURN

                      NOV 27 2018
_____   MIKE SPENCE
       Deputy Sheriff         CLERK OF COURT

# JULIAN C. WHITTINGTON
## SHERIFF & EX-OFFICIO TAX COLLECTOR BOSSIER PARISH

Clerk of Court  Caddo Parish
501 Texas Street, Room 103

Shreveport, LA 71101

**DISTRICT COURT**
FOR THE PARISH OF BOSSIER
11/21/2018

---

Case: (09)  607831        MICHAEL CARR vs CHRISTOPHER D. MAYCLIN, ETAL

| Nbr | Date | Service Type | Charges |
|---|---|---|---|
| 3 | 11/21/2018 | RULE | $30.00 |
| | | MCKNEELY III, ROLAND V/ATTY FOR MICHEAL CARR; 1910 CITIZENS BANK DR; | |
| RULE | | | |
| 3 | 11/21/2018 | Mileage Charge | $16.20 |

Case Total:        $46.20

---

Total:        $46.20



FILED
SHERIFF RETURN

NOV 27 2018

MIKE SPENCE

CLERK OF COURT

Please make check payable to:
JULIAN C. WHITTINGTON, SHERIFF &
EX-OFFICIO TAX COLLECTOR
P.O.Box 850
BENTON, LA 71006

RETAIN FOR YOUR RECORDS

MICHAEL CARR        :     DOCKET NO. 607831-B

                                   :

VERSUS               :     1st JUDICIAL DISTRICT COURT

                                   :

CHRISTOPHER D. MAYCLIN, ET AL   :     CADDO PARISH, LOUISIANA

## MOTION TO DISMISS THE HARTFORD
## WITHOUT PREJUDICE

ON MOTION by plaintiff, MICHAEL CARR, through undersigned counsel to dismiss a named defendant herein, THE HARTFORD, WITHOUT PREJUDICE,

IT IS ORDERED that THE HARTFORD be and is hereby dismissed WITHOUT prejudice, from this lawsuit and proceedings herein, at the cost of defendant,

THUS DONE AND SIGNED on this the ___15___ day of November, 2018 at Shreveport, Louisiana.

S/Craig Marcotte
DISTRICT JUDGE

Respectfully submitted,

ROLAND V. MCKNEELY, III, A.P.L.C.

By: _____
Roland V. McKneely, III  #27731

1910 Citizens Bank Drive, Suite A
Bossier City, Louisiana 71111
Telephone: (318)742-7466
Facsimile: (318)746-2251

ATTORNEY FOR PLAINTIFF,
MICHAEL CARR

**ENDORSED FILED**
SHARON NEWTON, Deputy Clerk

NOV 14 2018

A TRUE COPY - Attest
_____
CADDO PARISH DEPUTY CLERK

## CERTIFICATE

This will certify that a copy of the foregoing Motion and Order was sent signed to all parties/counsel of record by depositing a copy in the U. S. Mail, postage prepared and properly addressed on this the ___7___ day November, 2018.

_____
OF COUNSEL

| | | |
|---|---|---|
| **MICHAEL CARR** | § | **CASE NUMBER:   607,831 - B** |
| **VERSUS** | § | **1ST JUDICIAL DISTRICT COURT** |
| **CHRISTOPHER D. MAYCLIN,**<br>**CRETE CARRIER CORPORATION,**<br>**HARTFORD INSURANCE COMPANY**<br>**OF THE MIDWEST, MASON HOLLIS,**<br>**GEICO CASUALTY COMPANY, and**<br>**STATE FARM MUTUAL AUTOMOBILE**<br>**INSURANCE COMPANY** | § | **CADDO PARISH, LOUISIANA** |

<u>**MICHAEL CARR' S RESPONSE TO**</u>
<u>**EXCEPTION OF IMPROPER JOINDER AND VAGUENESS**</u>

MAY IT PLEASE THE COURT:

*VAGUENESS*

The Exception of Vagueness filed by Defendants, Crete and Christopher Mayclin, is unwarranted. La. C.C. P. art. 891 requires a short, concise statement of all causes of action arising out of, and the material facts of, the transaction or occurrence that is the subject matter of the litigation. See *Joseph v. Wasserman*, 206 So. 3d 970 (La. App. 4th Cir., 12/7/16). The purpose of the dilatory exception of vagueness is to place the defendant on notice of the cause of action. *Smart v. Gold, Weems, Bruser, Sues & Rundell*, 06-1414 (La. App. 3 Cir. 4/4/07), 955 So. 2d 263, 267, *writ denied*, 07-0854 (La. 6/22/07), 959 So. 2d 497.

The exception does not allow the defendant to demand exactitude and detail beyond what is necessary to provide notice. *Snoddy v. City of Marksville*, 97-327 (La.App. 3 Cir. 10/8/97), 702 So.2d 890. An exception of vagueness must be denied if the petition fairly informs the defendant of the nature of the cause of action and includes sufficient particulars to enable the defendant to prepare a defense. *Smart, supra* at 267.

In *Smart, supra*, the plaintiffs sued the defendant law firm and only made broad allegations that the plaintiff contracted with the firm and was overbilled. The Court held that the broad allegations would essentially shift the burden of proof, requiring the firm to disprove very broad allegations. Such is not the case here. Every medical record that is relevant to Mr. Carr's injuries will be produced in discovery by Mr. Carr. The defendants can also obtain the records directly from the health-care providers and they can also depose the health-care providers.

The discovery articles in the Louisiana Code of Civil Procedure are available to the defendants to obtain all of the necessary specifics on the injuries at issue. When the petition in

1

this case was filed, specifics contained in medical records were not known.  Mr. Carr is seeing an orthopedic surgeon for injuries sustained in the wreck at issue in this case.  Even though those records have not been obtained, the undersigned counsel spoke with the treating orthopedist, who opined that the wreck with Crete Carrier caused serious injuries to Mr. Carr.  The defendants are entitled to obtain the medical records and this attorney intends to provide copies to the defendants in a timely manner.

It is customary practice in this area for personal injury plaintiff attorneys to make the type of allegations that were made in this case, because many times the medical records have not been obtained at the time suit is filed.  This attorney does both plaintiff and defense personal injury work, and most petitions that this attorney has seen in the past 17 years contain similar language. It would be judicially uneconomical and very burdensome for plaintiffs to require them to amend a petition whenever medical records indicate related injuries.  As this Court is aware, health-care providers charge expensive retrieval fees every time records are requested.  As a result, this attorney tries to order medical records upon completion of treatment, so medical records have not been obtained by the time suit is filed.

In this case, Mr. Carr, without having his medical records handy, alleged that he sustained personal injuries resulting from the wreck, or wrecks, at issue.  His treatment is ongoing.  The defendants have been sufficiently informed of the nature of the cause of action.  They are able to prepare a defense to all specific injuries in the case through discovery.  They will also benefit from this Court's scheduling order, which will require the exchange of all exhibits and witnesses.

The defendants have also argued that the facts of the collision itself are too vague. Paragraphs 4 and 5 of the Petition could not be clearer.  It is alleged that on April 21, 2017, Michael Carr was completely in the left, east-bound lane of travel on I-220 just after crossing the Cross Lake Bridge when Mayclin, without warning, swerved into his lane and smashed into him. Paragraph 2 alleges that this occurred in Caddo Parish, Louisiana.  Crete cites La. C.C. P. art. 894, but fails to point to anything that violates that article.  The petition complies with La. C.C. P. art. 891 and 894.

If, however, the Court grants the Exception of Vagueness, it must allow the plaintiff to amend.

2

*JOINDER/CUMULATION*

The defendants ask this Court to order separate trials because of alleged improper cumulation. But, **Joinder** of the parties in this case is **mandatory** under La. C.C. P. art. 641. All of the named parties are indispensable parties and must be named in one lawsuit. La. C.C. P. art. 641(2)(b) requires that Hollis and GEICO be joined because failure to do so would subject Crete and Mayclin to a substantial risk of incurring inconsistent obligations.

Under La. C.C. art. 2323, the court must determine the degree or percentage of fault of all persons causing or contributing to the injury. The second collision contributed to the injuries caused by the first collision. Both Crete and Hollis caused the overlapping injuries alleged in this lawsuit. Therefore, the percentage of fault, as it relates to the injuries from each collision, must be considered.

La. C.C. Art. 2324(B) must also be followed, and that article requires the court to determine each tortfeasor's portion of liability. If the cases were separated, there is no doubt that the defendants in one case would point the finger at the defendants in the other case, and each court would probably differ on the amount of total damages and on the apportionment. Therefore, the defendants would likely be susceptible of incurring inconsistent obligations because of the apportionment of fault for the injury that is required. Mr. Carr would also be at substantial risk of prejudice because each jury could deny him a recovery because of the finger-pointing.

La. C.C. P. art. 642(2) requires the Court, if it is going to separate the cases, to create protective provisions to avoid the prejudice. The only protective provision that would do that would be to prohibit each party from referencing the other wrecks, or pointing fingers. In this attorney's opinion, that would actually favor Mr. Carr, but, it would not be fair to the defendants. The most fair way to resolve the disputes is to try them together, but if Crete demands separate trials, then the Court should prohibit it from referencing the May 10, 2017 collision.

Crete cites La. C.C. P. art. 463 and 464, but before a court can order separate trials, it must find that the separation would 1) simplify the proceedings, 2) permit a more orderly disposition of the case, or 3) otherwise be in the interest of justice. Since Crete and Mayclin are going to be arguing that the wreck with Mason Hollis caused the injuries to Mr. Carr, they cannot meet those requirements.

3

La. C.C. P. art. 463 allows for the cumulation of actions, as follows:

Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:

(1) There is a community of interest between the parties joined;
(2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
(3) All of the actions cumulated are mutually consistent and employ the same form of procedure.

Except as otherwise provided in Article 3657, inconsistent or mutually exclusive actions may be cumulated in the same suit if pleaded in the alternative.

Before ordering separate trials, La. C.C. P. art. 465 requires that the Court make a finding that separate trials would simplify the proceedings, permit a more orderly disposition of the case, or otherwise be in the interest of justice, as follows:

When the court is of the opinion that it would simplify the proceedings, would permit a more orderly disposition of the case, or would otherwise be in the interest of justice, at any time prior to trial, it may order a separate trial of cumulated actions, even if the cumulation is proper.

La. C.C. P. art. 465.

"Community of interest" is the only element which is at issue. There were two wrecks at issue. One was on April 21, 2017 with Crete Carrier. The second wreck was with Mason Hollis on May 10, 2017. Crete, although it has not filed an answer, is going to argue that the wreck with Mason Hollis caused Mr. Carr's injuries, and GEICO and Hollis are going to point the finger at Crete. So, Crete, Mayclin, GEICO and Hollis are the ones who are creating a "community of interest".

"Community of interest" does not require that the cumulated cause arise from the same cause. As long as there are common "factual and legal issues", the "community of interest" element is satisfied. In *Aaron v. Landcraft, Inc.*, 04-1319 (La. App. 5 Cir. 3/15/05), 900 So. 2d 920, 923, the Court held:

To be properly joined, the parties must share a "community of interest," that is the cumulated actions must arise out of the same facts or present the same factual and legal issues. *Abshire v. State of Louisiana through Dept. of Ins.*, 93–923 (La.App. 3 Cir. 4/6/94), 636 So.2d 627, *writ denied*, 94–1213 (La.6/24/94), 640 So.2d 1332. Therefore, to determine whether the defendants in the instant case have a community of interest the question must be asked; do the cumulated causes of action arise out of the same facts, or do they present the same factual and legal issues? *Miller v. Commercial Union Companies*, 305 So.2d 560 (La. App. 2nd Cir.1974).

4

Common issues of fact and law are present in this case because the injuries, *in toto*, were caused by both wrecks.  This attorney has spoken with Mr. Carr's physician, and the wreck with Crete on April 21, 2017 caused the injuries that will be presented.  The wreck with Hollis on May 10, 2017 did aggravate the injuries caused by Crete, and the two cannot be easily separated.

Crete argues that cumulation of these actions would create confusion for the jury and unduly prejudice its defense, but it intends to argue that the May 10, 2017 wreck caused the damages.  How can Crete be prejudiced when it intends to argue that the injuries were caused by the second collision?

Our Supreme Court, prior to the adoption of comparative fault, stated that, in a situation like this, the trial judge had discretion in allowing the actions to be cumulated.

> Whether or not to cumulate *separate* actions is a discretionary decision of a plaintiff.
> However, all actions arising out of the same transaction or occurrence must be brought
> together or be subject to a plea of res judicata. La.Rev.Stat. 13:4231; La.Code Civ.Proc.
> art. 425.
> The distinction between an action asserting several demands based on the operative facts
> of one transaction or occurrence (which demands *must* be cumulated) and cumulated
> actions based on the operative facts of several separate and distinct transactions or
> occurrences (**which causes of action *may* be cumulated**) is at the heart of the problem in
> this case. There is only *one*  *1239 cause of action (although several demands or theories
> of recovery may be asserted thereon) when the operative facts of one transaction or
> occurrence give rise to the plaintiff's right to assert the action against the defendant.
> However, there are separate and distinct causes of action when the operative facts of
> separate and distinct transactions or occurrences give rise to the plaintiff's right to assert
> various actions against the defendants.

*Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So. 2d 1234, 1238–39 (La. 1993).

Crete cites *Laborde v. Am. Nat. Prop. & Cas. Companies*, 00-01091 (La. App. 3 Cir. 1/31/01), 780 So. 2d 501, 503, *writ denied*, 2001-0599 (La. 4/27/01), 791 So. 2d 634, but that case affirmed the trial court's decision to order separate trials, which was consistent with *Everything on Wheels* holding that a trial judge has discretion.

Crete then cites *Jenkins v. Lindsey*, 97–0492 (La. App. 4 Cir. 4/16/97), 693 So.2d 238 and argues that *Jenkins* held, in a case like this, that there is no community of interest between the parties joined.  However, no writ was taken in *Jenkins* on the improper cumulation issue and the 4th Circuit did not make a decision on the cumulation issue.  Also, the wreck in *Jenkins, supra*, happened on May 6, 1995, one year before the adoption of comparative fault in La. C.C. art. 2323, which states:

5

> In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty . . ..

There are no appellate cases in Louisiana jurisprudence that discuss "community of interest" under the mandatory provisions of Louisiana's comparative fault scheme. Article 2323 requires that "all persons causing or contributing to the injury" be determined. So, where a "community of interest" may not have been present before comparative fault, it is now.

Attached hereto as Exhibit 1 is the Louisiana Supreme Court case of *Jones v. Arnold*, 589 So. 2d 1, (La. 1991). This is a case that this attorney has seen mis-quoted and is what has caused confusion on the cumulation of action cases where injuries overlapped from more than one accident. In *Jones, supra*, the plaintiff filed two separate actions. The trial court then cumulated those two actions. After that, the defendant filed an Exception of Improper Cumulation and the trial court dismissed the case, which would have required the filing of a new lawsuit and which would have required the parties to "start over" after 30 months of litigation. The Supreme Court, without discussion in a one paragraph *per curiam* opinion, reversed, holding that the trial judge abused his discretion. The abuse found by the Supreme Court was in making the parties start over after 30 months of litigation. The remedy by the Supreme Court was to just separate the actions.

The *Jones* Court stated that the two cases had been improperly joined, but there is no discussion or reasons for that statement. As this Court is well aware, parties make stipulations of fact all the time, and the parties in that case probably stipulated to that, especially since the plaintiff actually filed two separate lawsuits. Apparently, all the parties in *Jones* wanted separate trials. The bottom line is that *Jones* has no precedential value on cumulation cases, but people like to pick out the one sentence of the *per curiam* opinion to improperly support the argument that separate accident cases, if joined, are improper.

As persuasive authority of the unfairness of separating the cases at bar, the undersigned presents some federal cases, two of which are from Louisiana, to show that cases like this should not be separated because it gives an unfair advantage to the defendants, who will point the finger at each other.

*Bienemy v. Cont'l Cas. Co.*, No. CIV. A. 09-6647, 2010 WL 375213 (E.D. La. Jan. 26, 2010) is similar to this case. *Bienemy* was injured in two separate accidents with different people

that occurred approximately 5 weeks from each other.  The defendants made the same arguments

that Crete makes, i.e. that the defendants from the first accident were fraudulently joined with the

defendants in the second accident.

In rejecting the claims of fraudulent joinder and remanding the case back to state court,

Judge Lemelle held:

> In the instant case, joinder of the claims against the non-diverse defendants is not tenuous, and there is more than a palpable connection between the claims and parties joined. The claim for damages asserted by the plaintiffs in this suit is for the overall damage to her as a result of both car accidents. While the cause of the injuries may stem from different sources, (the first or second car accident) the overall injuries itself are a quantifiable singular sum which may be apportioned among the defendants according to their individual responsibility for those damages. Further, The question of how the plaintiffs' damages are to be apportioned among the defendants is a factual question which will be resolved by the trier of fact after presentation of evidence as to the causation of each item of damages claimed by plaintiffs. Thus, there are overlapping common factual and legal issues.
>
> It makes sense that this allocation be made in a single lawsuit in a single forum. Indeed, to sever the claims as Defendants suggests would result in piecemeal litigation of overlapping factual and legal issues which might well result in inconsistent judgments, or judgments which over-compensate or under-compensate the plaintiffs for their damages. In light of the above, the joinder of claims and parties in this case is not "egregious", and therefore, even under *Tapscott,* remand is required.
>
> * * *
>
> Indeed, remand to state court for determination of misjoinder issues comports with the recommendation of professors Wright and Miller who opine that the removing party challenge the misjoinder in state court before seeking removal. 14B, Wright, Miller & Cooper, Federal Practice & Procedure 3d, § 3723 at 658; *See also Osborn v. Metropolitan Life Insurance Co.,* 341 F.Supp.2d 1123, 1127 (E.D.Cal .2004) (finding the "better rule" was to require the claimed misjoinder be resolved in state court, and then, if that court severed the case and diversity then existed, seek removal of the case to federal court.").

*Bienemy, supra at* 5–6.

In *Hospitality Enterprises, Inc. v. Westchester Surplus Lines Ins. Co.*, No. CIV.A. 11-234,

2011 WL 1303954, at 5 (E.D. La. Mar. 31, 2011), the plaintiffs suffered water damage to their

building from a leaking sprinkler system.  The plaintiffs sued their insurer for underpayment and

untimely payments, the repair company who was hired to repair the damage, and the Sewerage

and Water Board of New Orleans.  The insurer removed the case from state court to federal court,

arguing fraudulent joinder.  For the same reasons as in *Bienemy*, Judge Fallon found that the

parties were properly joined, comparing the situation to *Bienemy*:

> in *Bienemy,* although the two accidents were causally unrelated, the accidents were temporally closer and additionally intertwined because they both contributed to the sum total of the plaintiffs' injuries.

7

In *Gonzales v. Wal-Mart Stores, Inc.*, No. 2:14-CV-00230-JCM, 2014 WL 2591690, at *6 (D. Nev. May 22, 2014), *report and recommendation adopted*, No. 2:14-CV-230 JCM NJK, 2014 WL 2591499 (D. Nev. June 10, 2014), the plaintiff had two accidents less than 4 months apart, and named the tortfeasors from both accidents in one lawsuit in state court. Wal Mart removed and sought severance of the actions.

The Gonzales Court cited *Wilson v. Famatex GmbH Fabrik Fuer Textilausruestungsmaschinen*, 726 F.Supp. 950 (S.D.N.Y.1989); *Jacques v. Hyatt Corp.*, 2012 WL 3010969 (N.D.Cal. July 23, 2012); *Stephens v. Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.*, 807 F.Supp.2d 375, 382–85, (D.Md.2011); *Bell v. Werner Enterps., Inc.*, 2011 WL 1297115, *3 (N.D.W.Va. Apr. 5, 2011); *Wyatt v. Charleston Area Medical Ctr. Inc.*, 651 F.Supp.2d 492, 498–99 (S.D.W.Va.2009); *Massaro v. Bard Access Sys., Inc.*, 209 F.R.D. 363, 369 & n. 5 (E.D.Pa.2002); *Rodriguez v. Abbott Labs.*, 151 F.R.D. 529, 533 (S.D.N.Y.1993); *Poster v. Central Gulf S.S. Corp.*, 25 F.R.D. 18, 19–20 (E.D.Pa.1960); *McNeil v. American Export Lines, Inc.*, 166 F.Supp. 427, 428 (E.D.Pa.1958); *Lucas v. City of Juneau*, 127 F.Supp. 730, 732 (D.Alaska 1955), noting that these courts found that joinder was appropriate for successive tortfeasors when each tortfeasor contributed to the same injury because there were common questions of law and fact regarding causation of the damages, the extent of the damages, and the relative liability of each defendant.

*Wilson* further found, as did the majority of courts cited therein, that FRCP 20 was satisfied because the damages from the successive accidents arose from the same series of occurrences. The "same series of occurrences" has been adopted by many district courts within the Fifth Circuit. See, for example, *Peters v. Singh*, No. CV 16-00842-SDD-RLB, 2017 WL 5128750, at *3 (M.D. La. Nov. 6, 2017), *Martin v. Tesoro Corp.*, No. 2:11 CV 1413, 2012 WL 135676, at *4 (W.D. La. Jan. 17, 2012); *McNeel v. Kemper Cas. Ins. Co.*, No. CIV.A. 3:04-CV-0734-, 2004 WL 1635757, at *4 (N.D. Tex. July 21, 2004).

The "series of occurrences" has been adopted by the Louisiana Supreme Court. In *Lombard v. Sewerage & Water Bd. of New Orleans*, 284 So. 2d 905 (La. 1973), 119 cases were consolidated where 119 different properties were damaged over an extended period of time due to activities of the sewerage board's construction project that lasted for more than one year. In

upholding the consolidated actions and rendering judgment in favor of each plaintiff, the Supreme Court held:

> Thus, when the separate property of each plaintiff was damaged by a series of events, one occurrence was involved insofar as each property owner was concerned. Notwithstanding, therefore, that the same causes may have operated upon several properties at the same time resulting in varying degrees of damage, it cannot be regarded as one occurrence, but the damage to each plaintiff is a separate occurrence. Cf. Anchor Casualty Co. v. McCaleb et al., 178 F.2d 322 (5th Cir. 1950); Remmer v. Glens Falls Indemnity Co., 140 Cal.App.2d 84, 295 P.2d 19 (1956).

*Lombard, supra,* at 916.  As part of its reasoning, the Court held:

> To be actionable the cause need not be the sole cause, but it must be a cause in fact, and to be a cause in fact in legal contemplation it must have a proximate relation to the harm which occurs, and it must be substantial in character. Home Gas and Fuel Co. v. Mississippi Tank Co., 246 La. 625, 166 So.2d 252 (1964); Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962).

*Lombard, supra,* at 913.

In the present case, the facts will show that Christopher Mayclin was one hundred percent at fault for the first accident and that Mason Hollis was one hundred percent at fault for the second accident.  Damages are the only legitimate issue, but the facts of each collision will be relevant because of the force of impact in each wreck.  The Court should not sever the case unless Crete and Mayclin agree to a motion in limine excluding any mention of the second collision and that the second collision did not aggravate, or add to, Mr. Carr's injuries.

## CONCLUSION

For the reasons argued herein, the case should not be separated.  If they are, however, the Court should take the appropriate protective measures to protect Mr. Carr from prejudice by prohibiting Crete and Mayclin from referencing the May 10, 2017 wreck.

Respectfully submitted,

**ROLAND V. McKNEELY, III, A.P.L.C.**
Bar Roll  No. 27731
1910 Citizens Bank Drive, Suite A
Bossier City, Louisiana 71111
Telephone (318) 742-7466
Fax (318) 746-2251
**ATTORNEY FOR MICHAEL CARR**

## CERTIFICATE OF SERVICE

This is to certify that I have this 29th day of November, 2018, served a copy of the

foregoing by on:

    Crete Carrier Corporation, Inc. and Christopher Mayclin
    Through its attorney of record, John Frederickson
    401 Market Street, Suite 900
    Shreveport, LA 71101
    318-222-0458 – fax
    frederickson@perkinslawfirm.com

    State Farm
    Through its attorney of record, Thomas Bordelon
    401 Market Street, Suite 1150
    Shreveport, LA 71101
    318-562-1011 – fax
    tom@bordelonlawfirm.com

    Mason Hollis and GEICO
    Through their attorney of record, Russell Potter
    3112 Jackson St.
    Alexandria, La. 71301
    318-487-9417-fax
    rpotter@ssplaw.com

by faxing and emailing to the numbers/email addresses listed above.

    Bossier City, Bossier Parish, Louisiana.

                    ROLAND V. McKNEELY, III, A.P.L.C.

589 So.2d 1

Supreme Court of Louisiana.

Edward JONES
v.
Patricia ARNOLD, et al.
No. 91-CC-1781.
Nov. 8, 1991.

## Synopsis

An automobile accident victim filed an action for injuries allegedly caused by automobile accident. The plaintiff filed a separate action against another defendant for aggravation of first accident injuries by a second accident. The Parish of Orleans, Civil District Court, cumulated the actions but then entered a judgment maintaining the exception of improper cumulation of actions. Upon application for supervisory or remedial writs, the Supreme Court held that the trial judge abused his discretion in refusing to order separate trials of improperly cumulated action where the judgment maintaining the exception of improper cumulation of action was not rendered until 30 months after cumulation, when extensive discovery had been completed.

Writs granted.

## West Headnotes (1)Collapse West Headnotes

Change View

**1 Trial**

Trial judge abused his discretion in refusing to order separate trials of improperly cumulated actions against two separate defendants for damages for injuries which were allegedly caused in one automobile accident and aggravated in second accident; judgment maintaining exception of improper cumulation was not rendered until 30 months later, when extensive discovery had been completed. LSA-C.C.P. art. 463.

4 Cases that cite this headnote



388 Trial
388 I Notice of Trial and Preliminary Proceedings
388k3 Separate Trials in Same Cause
388k3(5) Particular Issues, Separate Trial of
388k3(5.1) In General
(Formerly 388k3(5))

## Opinion

*1 PER CURIAM.

Granted. The cumulated actions against two separate defendants for damages for plaintiff's injuries, allegedly caused by one automobile accident and later aggravated by a second accident, were filed in May, 1988. Although the cumulation was improper *2 under La.Code Civ.Proc. art. 463 because there was no community of

1


Plaintiff's Exhibit

interest between the parties joined, the judgment maintaining the exception of improper cumulation of actions was not rendered until thirty months later, at which time extensive discovery had been completed in both cases. Under these circumstances, and in consideration of the judicial inefficiency created by requiring one of the actions to be dismissed and then begun anew, the trial judge abused his discretion in refusing to order separate trials.

Accordingly, the judgment of the district court is set aside, and the court is ordered to grant separate trials of the improperly cumulated actions.

## All Citations

589 So.2d 1

CIVIL SUIT NO.: 607,831 B

MICHAEL CARR                    1ST JUDICIAL DISTRICT COURT

VERSUS                          PARISH OF CADDO

CHRISTOPHER D. MAYCLIN,
CRETE CARRIER CORPORATION,
HARTFORD INSURANCE COMPANY
OF THE MIDWEST, MASON HOLLIS,
GEICO CASUALTY COMPANY, AND
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                    STATE OF LOUISIANA

## ANSWER

NOW INTO COURT, through undersigned counsel, comes **MASON HOLLIS**, made a defendant herein, who respectfully answers the plaintiff's Petition for Damages as follows:

1.

The allegations of Paragraph 1 of the plaintiff's Petition are denied except to admit that Christopher D. Mayclin, Crete Carrier Corporation, Hartford Insurance Company of the Midwest, Mason Hollis, Geico Casualty Company and State Farm Mutual Automobile Insurance Company are named defendants herein.

2.

The allegations contained in paragraph 2 are denied due to a lack of sufficient information upon which to justify a belief.

3.

The allegations contained in paragraph 3 are denied due to a lack of sufficient information upon which to justify a belief.

4.

The allegations contained in paragraph 4 are denied due to a lack of sufficient information upon which to justify a belief.

5.

The allegations contained in paragraph 5 are denied due to a lack of sufficient information upon which to justify a belief.

6.

The allegations contained in paragraph 6 are denied due to a lack of sufficient information upon which to justify a belief.

7.

The allegations contained in paragraph 7 are denied due to a lack of sufficient information upon which to justify a belief.

8.

The allegations contained in paragraph 8 are denied due to a lack of sufficient information upon which to justify a belief.

9.

The allegations contained in paragraph 9 are denied due to a lack of sufficient information upon which to justify a belief.

10.

The allegations contained in paragraph 10 are denied due to a lack of sufficient information upon which to justify a belief.

11.

The allegations contained in paragraph 11 are denied.

12.

The allegations contained in paragraph 12 are denied due to a lack of sufficient information upon which to justify a belief.

13.

The allegations contained in paragraph 13 are denied due to a lack of sufficient information upon which to justify a belief.

14.

The allegations contained in paragraph 14 are denied due to a lack of sufficient information upon which to justify a belief.

15.

The allegations contained in paragraph 15 are denied due to a lack of sufficient information upon which to justify a belief.

16.

The allegations contained in paragraph 16 are denied due to a lack of sufficient information upon which to justify a belief.

17.

The allegations contained in paragraph 17 are denied due to a lack of sufficient information upon which to justify a belief.

18.

The allegations of Paragraph 18 of the plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein except to aver that if a relevant policy of insurance was afforded herein by Geico Casualty Company, said policy is that best evidence of its contents and is pled herein as of copied herein *in extenso*. Geico Casualty Company specifically denies any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusions or limitations of said policy.

19.

The allegations contained in paragraph 19 are denied due to a lack of sufficient information upon which to justify a belief.

20.

The allegations contained in paragraph 20 are denied.

21.

The allegations contained in paragraph 21 are denied.

22.

The allegations contained in paragraph 22 are denied due to a lack of sufficient information upon which to justify a belief.

23.

The allegations contained in paragraph 23 are denied due to a lack of sufficient information upon which to justify a belief.

24.

The allegations contained in paragraph 24 are denied due to a lack of sufficient information upon which to justify a belief.

25.

The allegations contained in paragraph 25 are denied due to a lack of sufficient information upon which to justify a belief.

26.

Defendant is entitled to and hereby demands a trial by jury as to all issues herein.

32.

Defendant affirmatively pleads the doctrine of sudden emergency as the subject accident was unavoidable and the result of the actions/inactions of third parties which this defendant had no control.

33.

Request is hereby made for written notice of all hearing dates, trial dates and any other matters in the above captioned proceeding, and also for written notice of the signing of any order or judgment all in accordance with the provisions of the Louisiana Code of Civil Procedure.

34.

Defendant further shows in the alternative, and only in the alternative, that any payments that have been made or will be made under the policy of insurance issued herein may deplete the policy limits available.

35.

Defendant pleads all credit and offsets available under Louisiana law, including those set forth in *Bozeman v. Louisiana State Dept. of Transportation and Development*. Defendant is entitled to credit for all medical expenses written off pursuant to Medicaid/Medicare. Plaintiff is not entitled to recover medical expenses written off pursuant to Medicaid/Medicare. Defendant further shows that to the extent that any plaintiff herein has incurred past medical care or would require future medical care which would be provided under the Patient Protection and Affordable Care Act (PPACA) or the Affordable Care Act (ACA) at no charge to the plaintiff, then defendant herein shows that he has no responsibility for any past and/or future medical expenses due to the terms of the PPACA and/or ACA.

36.

Defendant shows if any of the medical expenses may be covered by a healthcare provider, defendant pleads the provisions of the Balanced Billing Act, L.S.A. R.S. 22:1874A(2) that prohibits and

precludes collection and even the billing of charges in excess of the provider's contracted rate with a health insurer.

WHEREFORE, defendant prays that this Answer be deemed good and sufficient and that after all legal delays and due proceedings had, including a trial by jury, there be judgment rendered herein in favor of defendant, **MASON HOLLIS**, and against plaintiff, dismissing plaintiff's demands at plaintiff's cost.

Respectfully submitted,

STAFFORD, STEWART & POTTER

Russell L. Potter (#8244)
3112 Jackson Street
Alexandria LA 71301
Phone:    318-487-4910
Fax:      318-487-9417
ATTORNEYS FOR DEFENDANT,
MASON HOLLIS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been furnished to all counsel of record in these proceedings by electronic delivery, facsimile, or by placing the same in the U.S. First Class Mail on this the ___39___ day of November, 2018.

OF COUNSEL

CIVIL SUIT NO.: 607,831 B

MICHAEL CARR                                    1ST JUDICIAL DISTRICT COURT

VERSUS                                          PARISH OF CADDO

CHRISTOPHER D. MAYCLIN,
CRETE CARRIER CORPORATION,
HARTFORD INSURANCE COMPANY
OF THE MIDWEST, MASON HOLLIS,
GEICO CASUALTY COMPANY, AND
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                               STATE OF LOUISIANA

### REQUEST FOR NOTICE

Defendant shows that in accordance with the Louisiana Code of Civil Procedure, he hereby requests that the Clerk of Court furnish the undersigned counsel for defendant, **MASON HOLLIS**, written notice the date of the trial, whether on exceptions, rules, or merits of the case, all in accordance with the Louisiana Code of Civil Procedure.

In accordance with the Louisiana Code of Civil Procedure, defendant requests that the Clerk of Court furnish the undersigned counsel for defendant immediate notice of all orders or judgments, whether interlocutory or final, made or rendered in this case upon rendition thereof, including notice of judgment in the event that this case is taken under advisement or if the judgment is not signed at the conclusion of the trial.

Respectfully submitted,

STAFFORD, STEWART & POTTER

Russell L. Potter (#8244)
3112 Jackson Street
Alexandria LA 71301
Phone: . 318-487-4910
Fax:     318-487-9417
ATTORNEYS FOR DEFENDANT,
MASON HOLLIS

PGS___ EXH___ MIN___
CC___ CP___ MAIL___ N/J___
INDEX___ REC___ FAX___
W/D DOC___ CERT MAIL___
SERVICE___

(funds sent w/ other pleading)

FILED

DEC 03 2018

CIVIL SUIT NO.: 607,831 B

MICHAEL CARR

VERSUS

CHRISTOPHER D. MAYCLIN,
CRETE CARRIER CORPORATION,
HARTFORD INSURANCE COMPANY
OF THE MIDWEST, MASON HOLLIS,
GEICO CASUALTY COMPANY, AND
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

1ST JUDICIAL DISTRICT COURT

PARISH OF CADDO

STATE OF LOUISIANA

## MOTION FOR LEAVE TO FILE
## FIRST SUPPLEMENTAL AND AMENDING ANSWER

NOW INTO COURT, through undersigned counsel, comes defendant herein, **GEICO CASUALTY COMPANY**, which moves this court for leave to amend and supplement the previous Answer for the following reasons:

1.

Plaintiff filed this action for injuries allegedly sustained on or about May 10, 2017.

2.

Defendant desires to amend and supplement the previous answer by amending and adding paragraphs.

3.

Undersigned counsel has forwarded this pleading to opposing counsel and there is no opposition to the filing of this pleading.

WHEREFORE, defendant, **GEICO CASUALTY COMPANY**, prays that it be allowed to file this First Supplemental and Amending Answer; that this First Supplemental and Amending Answer be deemed good and sufficient; and after all legal delays and due proceedings are had, there be judgment rendered herein in favor of defendant, **GEICO CASUALTY COMPANY**, and against the plaintiff, dismissing plaintiff's demands at plaintiff's cost.

Respectfully submitted,

STAFFORD, STEWART & POTTER

Russell L. Potter (#8244)
3112 Jackson Street
Alexandria LA 71301
Phone:     318-487-4910
Fax:       318-487-9417
ATTORNEYS FOR DEFENDANT,
GEICO CASUALTY COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been furnished to all counsel of record in these proceedings by electronic delivery, facsimile, or by placing the same in the U.S. First Class Mail on this the ___/ 6___ day of December, 2018.

OF COUNSEL

CIVIL SUIT NO.: 607,831 B

MICHAEL CARR                              1ST JUDICIAL DISTRICT COURT

VERSUS                                         PARISH OF CADDO

CHRISTOPHER D. MAYCLIN,
CRETE CARRIER CORPORATION,
HARTFORD INSURANCE COMPANY
OF THE MIDWEST, MASON HOLLIS,
GEICO CASUALTY COMPANY, AND
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                 STATE OF LOUISIANA

## FIRST SUPPLEMENTAL AND AMENDING ANSWER

NOW INTO COURT, through undersigned counsel, comes defendant
herein, **GEICO CASUALTY COMPANY**, which respectfully supplements and
amends the previous Answer as follows:

I.

Defendant supplements and amends the previous Answer by
amending the following paragraph:

"11.

The allegations contained in paragraph 11 are denied."

II.

Defendant supplements and amends the previous Answer by adding
the following paragraphs:

"34.

Defendant further shows in the alternative, and only in the
alternative, that any payments that have been made or will be made
under the policy of insurance issued herein may deplete the policy
limits available.

35.

Defendant pleads all credit and offsets available under
Louisiana law, including those set forth in *Bozeman v. Louisiana
State Dept. of Transportation and Development*. Defendant is
entitled to credit for all medical expenses written off pursuant to
Medicaid/Medicare. Plaintiff is not entitled to recover medical
expenses written off pursuant to Medicaid/Medicare. Defendant
further shows that to the extent that any plaintiff herein has
incurred past medical care or would require future medical care

which would be provided under the Patient Protection and Affordable Care Act (PPACA) or the Affordable Care Act (ACA) at no charge to the plaintiff, then defendant herein shows that it has no responsibility for any past and/or future medical expenses due to the terms of the PPACA and/or ACA.

36.

Defendant shows if any of the medical expenses may be covered by a healthcare provider, defendant pleads the provisions of the Balanced Billing Act, L.S.A. R.S. 22:1874A(2) that prohibits and precludes collection and even the billing of charges in excess of the provider's contracted rate with a health insurer."

III.

Defendant reiterates and incorporates herein by reference all previous allegations of fault and defenses pled in the previous Answer.

WHEREFORE, defendant prays that this First Supplemental and Amending Answer be deemed good and sufficient and that after all legal delays and due proceedings had, including a trial by jury, there be judgment rendered herein in favor of defendant, **GEICO CASUALTY COMPANY**, and against plaintiff, dismissing plaintiff's demands at plaintiff's cost.

Respectfully submitted,

STAFFORD, STEWART & POTTER

Russell L. Potter (#8244)
3112 Jackson Street
Alexandria LA 71301
Phone:     318-487-4910
Fax:       318-487-9417
ATTORNEYS FOR DEFENDANT,
GEICO CASUALTY COMPANY

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been furnished to all counsel of record in these proceedings by electronic delivery, facsimile, or by placing the same in the U.S. First Class Mail on this the _____ day of December, 2018.



OF COUNSEL

CIVIL SUIT NO.: 607,831 B

MICHAEL CARR                                    1ST JUDICIAL DISTRICT COURT

VERSUS                                          PARISH OF CADDO

CHRISTOPHER D. MAYCLIN,
CRETE CARRIER CORPORATION,
HARTFORD INSURANCE COMPANY
OF THE MIDWEST, MASON HOLLIS,
GEICO CASUALTY COMPANY, AND
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                               STATE OF LOUISIANA

## <u>ORDER</u>

CONSIDERING the foregoing allegations and prayer; it is

ORDERED that the First Supplemental and Amending Answer of

defendant, **GEICO CASUALTY COMPANY**, be filed as prayed for and

according to law.

THUS DONE AND SIGNED at Shreveport, Caddo Parish, Louisiana,

this _____ day of _____, 2018.

_____
JUDGE

Respectfully submitted,

STAFFORD, STEWART & POTTER

_____
Russell L. Potter (#8244)
3112 Jackson Street
Alexandria LA 71301
Phone:   318-487-4910
Fax:     318-487-9417
ATTORNEYS FOR DEFENDANT,
GEICO CASUALTY COMPANY

CIVIL SUIT NO.: 607,831 B

MICHAEL CARR                          1ST JUDICIAL DISTRICT COURT

VERSUS                                PARISH OF CADDO

CHRISTOPHER D. MAYCLIN,
CRETE CARRIER CORPORATION,
HARTFORD INSURANCE COMPANY
OF THE MIDWEST, MASON HOLLIS,
GEICO CASUALTY COMPANY, AND
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                     STATE OF LOUISIANA

## CERTIFICATE

The foregoing First Supplemental and Amending Answer was

forwarded to opposing counsel on _____. There has been no

objection as to the filing of this pleading.

Certified this _____ day of _____, 2018.


_____
RUSSELL L. POTTER

CIVIL SUIT NO.: 607,831 B

MICHAEL CARR                                    1ST JUDICIAL DISTRICT COURT

VERSUS                                              PARISH OF CADDO

CHRISTOPHER D. MAYCLIN,
CRETE CARRIER CORPORATION,
HARTFORD INSURANCE COMPANY
OF THE MIDWEST, MASON HOLLIS,
GEICO CASUALTY COMPANY, AND
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                   STATE OF LOUISIANA

## MOTION TO CONSOLIDATE

NOW INTO COURT, through undersigned counsel, come defendants herein, **GEICO CASUALTY COMPANY and MASON HOLLIS,** who respectfully suggest the following to this Honorable Court:

1.

Defendants show that there is presently a civil suit pending on the docket of this court entitled, "State Farm Mutual Automobile Insurance Company, as partial subrogee of Michael Carr and Marvis Grisham v. Geico Casualty Company, et al," Civil Suit No.: 608,453, which involves common issues of law and fact with the above captioned suit.

2.

Defendants suggest to this Honorable Court that the ends of justice will be best served by the consolidation of said cases for trial and determination before this Honorable Court at one and the same time.

3.

All counsel of record have been notified, and no opposition has been received to the consolidation.

WHEREFORE, defendants pray that this Motion to Consolidate be granted and that the two cases cited herein be consolidated for trial purposes.

Respectfully submitted,

STAFFORD, STEWART & POTTER

_____

Russell L. Potter  (#8244)
3112 Jackson Street
Alexandria LA 71301
Phone:     318-487-4910
Fax:       318-487-9417
ATTORNEYS FOR DEFENDANTS,
GEICO CASUALTY COMPANY and MASON HOLLIS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been furnished to all counsel of record in these proceedings by electronic delivery, facsimile, or by placing the same in the U.S. First Class Mail on this the _____ day of December, 2018.


_____

OF COUNSEL

CIVIL SUIT NO.: 607,831 B

MICHAEL CARR                                1ST JUDICIAL DISTRICT COURT

VERSUS                                           PARISH OF CADDO

CHRISTOPHER D. MAYCLIN,
CRETE CARRIER CORPORATION,
HARTFORD INSURANCE COMPANY
OF THE MIDWEST, MASON HOLLIS,
GEICO CASUALTY COMPANY, AND
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                               STATE OF LOUISIANA

## ORDER

CONSIDERING the above and foregoing, it is

ORDERED, ADJUDGED, AND DECREED that the above numbered and

entitled cause be consolidated with the case of "State Farm Mutual

Automobile Insurance Company, as partial subrogee of Michael Carr

and Marvis Grisham v. Geico Casualty Company, et al," Civil Suit No.:

608,453, for trial purposes.

THUS DONE AND SIGNED at Shreveport, Caddo Parish, Louisiana,

this _____ day of _____, 2018.


_____
                                          JUDGE

Respectfully submitted,

STAFFORD, STEWART & POTTER


_____
Russell L. Potter (#8244)
3112 Jackson Street
Alexandria LA 71301
Phone:    318-487-4910
Fax:      318-487-9417
ATTORNEYS FOR DEFENDANTS,
GEICO CASUALTY COMPANY and MASON HOLLIS

$_____ FILED

DEC 18 2018

COLVIN ROBERSON
CADDO DEPUTY CLERK OF COURT

MICHAEL CARR                    *       NUMBER: 607,831 – B

VERSUS                          *       FIRST JUDICIAL DISTRICT COURT

CHRISTOPHER D. MAYCLIN,         *
CRETE CARRIER CORPORATION,
HARTFORD INSURANCE COMPANY      *
OF THE MIDWEST, MASON HOLLIS,
GEICO CASUALTY COMPANY, AND     *
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY               *       CADDO PARISH, LOUISIANA

DEFENDANTS MAYCLIN AND CRETE CARRIER CORPORATION'S
REPLY MEMORANDUM TO PLAINTIFF CARR'S OPPOSITION TO
THEIR DILATORY EXCEPTIONS OF IMPROPER JOINDER AND VAGUENESS

MAY IT PLEASE THE COURT:

Defendants, CRETE CARRIER CORPORATION and CHRISTOPHER D. MAYCLIN (hereafter sometimes referred to as "CRETE, ET AL,")[The Hartford was dismissed without prejudice by order of this Court on November 15, 2018], reply to plaintiff's opposition to their exceptions of vagueness and improper joinder in one lawsuit claims involving two separate motor vehicle accidents occurring on two separate dates, April 21, 2017 and May 10, 2017 in Caddo Parish, Louisiana, respectfully.  The only "community of interest" resides solely within the plaintiff, who alleges his involvement in the separate collisions on two separate dates and locations.

CRETE, ET AL was not remotely involved in the second motor vehicle accident on May 10, 2017, twenty days later, purportedly involving multiple front-end and rear-end collisions.  Based upon information and belief during the first accident on April 21, 2017, the plaintiff's contact with the Crete vehicle involved both vehicles traveling in one direction when the sides of both vehicles contacted when exiting the northerly end of Cross Lake Bridge while attempting to merge from two northbound lanes on the bridge into one north bound lane approaching a construction zone marked with orange traffic barrels in the vicinity of the I-49, I-220 construction project just north of Cross Lake.

1

Plaintiff alleged he left the road and hit some traffic barrels in the left roadside median. The vehicle property damages were slight to minimal.

## EXCEPTION OF VAGUENESS

With due respect to Plaintiff CARR, Defendants CRETE, ET AL, submit their dilatory exception vagueness was proper based upon the plaintiff's original petition filed on April 8, 2018 and CRETE'S knowledge of the chronology of events following the first collision of April 21, 2017 only between plaintiff CARR and defendant CRETE. Although not in evidence for the purposes of its dilatory exception of vagueness, the traffic accident report indicated minimal property damages and no personal injuries reported. Plaintiff CARR submitted his property damage appraisal for the total estimate of $2559.58, including a total amount of $399.18 for parts. CRETE indicated its desire to pay for the property damage in resolving that claim. Subsequently, Crete received a letter of representation from Carr's attorney dated May 24, 2017, after the second accident, which occurred on May 10, 2017. Crete has no knowledge of the facts or damages surrounding this second collision, which we now believe to be a front-end and rear-end multiple vehicle collision. Crete believed there were no personal injuries associated with the first collision. Presumably, between his legal representation from May 24, 2017 and the filing of the instant lawsuit on April 8, 2018, Carr would have knowledge of his personal injuries and personal knowledge of any bodily injury related to the first collision, for which a grand total of $2,559.58 was estimated by Carr's own body shop.

While understanding the generic pleading of bodily injury and property damages in a petition for damages, Crete was confounded by the lack of pleading the known facts surrounding the first collision which purportedly have caused bodily injuries to the plaintiff. Crete submits these are material facts missing from the original petition, which attempts to link both separate accidents and supports an exception of vagueness, as indicated in the case Carr cites, *Joseph v. Wasserman,* 206 So. 3d 970 (La. App. 4th Cir., 12/7/16). This vagueness exception was also countenanced in the case cited by Carr, *Smart v. Gold, Weems, Bruser, Sues & Rundell,* 97-327 (La. App. 3d Cir. 10/8/97), 702 So. 2d 268, 267, writ denied, 07-0864 (La. 6/22/07), 959 So. 2d 497,

2

As in *Smart, supra,* Crete only seeks the pleading of facts to support the plaintiff's burden of proof that Crete caused personal injury to Carr, as opposed to the vague and broad allegations of generic damages pleaded by him.  Presumably, Carr sought medical treatment for any alleged bodily injury resulting from the April 21, 2017 collision within the 20 days before his second collision on May 10, 2017 with multiple other vehicles.

Crete's exception of vagueness was filed before discovery commenced, in an effort to obtain more material facts surrounding the first collision in aid to its defense without resorting to a total fishing expedition with subsequent discovery of other named parties and possibly other parties in other lawsuits.  Further, the jurisprudence is clear, an exception of vagueness is waived once discovery commences.

Certainly, Crete can conduct future detailed discovery to flesh out the elements of Carr's bodily injury and resulting damages.  But Crete respectfully submits, plaintiff Carr has the fundamental burden of proof in establishing his damages and causation by any negligence associated with Crete.  Crete respectfully submits it should not be immersed within the quagmire of a front-end and rear-end collision involving other multiple motor vehicles 20 days later.  For this reason, Crete suggest that the proceedings associated with the first collision be severed from the proceedings involving the second collision with multiple vehicles, different dynamics, different parties, multiple claimants, all clearly distinct from the single event between Carr and Crete.  Carr has the burden of proof to demonstrate bodily injury resulting from the first collision involving Crete, not the other way around.

## IMPROPER JOINDER AND CUMULATION

Louisiana is a pure comparative fault state.  All issues involving liability, causation and damages resulting from the first April 21, 2017 collision remain unadjudicated.  Carr has the burden of proof in this endeavor, both to liability and resulting damages.  Crete is not responsible and should not be immersed in the liability quagmire for any potential damages or bodily injury as a direct result of the second collision, particularly when it appears bodily injury from the first collision may be non-existent, or extremely minimal at best.  Regardless, Carr has this burden of proof in his claim against Crete.  Otherwise,

Crete is prejudiced in defending itself against alleged negligent actions of others in which it has no common interest or connection of involvement. Crete is not responsible for any bodily injuries of Carr either sustained in or allegedly aggravated by the second collision. Requiring such a defense from Crete places an undue burden upon this defendant.

Carr cites the Louisiana Supreme Court *per curium* opinion in *Jones v. Arnold,* 589 So. 2d 1 (La. 1991) as being often mis-quoted wherein the Supreme Court reversed a trial court's decision dismissing a case after a defendant filed an Exception of Improper Cumulation, which would have required the filing of a new lawsuit, requiring the parties "to start over after 30 months of litigation." The Supreme Court found this to be an abuse of discretion and ordered the remedy of separating the actions. In the case at bar, Crete respectfully submits that it and Carr do not have 30 months of litigation and discovery. At the outset Crete simply asked the court to separate the claims of Carr against it in the first accident from the claims of Carr against multiple parties in the second accident along with other potentially competing claims from parties involved in multiple vehicle collisions in the second accident, not involving Crete at all. The competing claims in the second accident could also involve additional consolidations among other multiple parties.

Crete respectfully submits the procedural mechanisms for joinder and consolidation are appropriate in cases involving multiple collisions with multiple parties at a certain place and time. Otherwise, it would force one single defendant to defend itself against a plaintiff with potential multiple claims arising from multiple events and unrelated co-morbidities for which the sole defendant has no remote involvement.

Carr cites several federal cases (*we omit recitations*), in which these federal courts of limited jurisdiction reject the claims of fraudulent joinder and remand the case back to state court. However, this Honorable Court is a court of original jurisdiction empowered with the authority to administer justice with fairness to all parties before it, including a foreign defendant such as Crete.

The case cited by Carr, *Lombard v. Sewerage & Water Bod. Of New Orleans,* 284 So. 2d 905 (La. 1973) in which the Louisiana Supreme Court consolidated 119 cases involving different properties damaged over an extended period of time, as a "series of

4

occurrences." This case is clearly distinguishable upon its facts. All damages in *Lombard* were allegedly caused by the activities of one tortfeasor, the construction project of a sewerage board lasting more than a year. In the instant case before this Court, Carr alleges damages from multiple tortfeasors on at least two separate occasions and two different places.

Carr suggests the concern separating the claims of his based upon two separate collisions may yield inconsistent results. In balance, Crete respectfully submits that the discretion of this Honorable Court allows it to countenance the potential of abuse and prejudice to a foreign defendant to carry the plaintiff's fundamental burden of proof for liability, causation and damages resulting from its alleged tortious conduct. It would also have to defend itself in the competing actions of many others in an unrelated event.

The provisions of *LSA—La. Code of Civ. Proc.*, Articles 461 through 465, outline the prerogatives of the trial court. It can order separate trials of cumulated actions to avoid prejudice an undue burden towards one of the parties. The inherent prejudice to Crete is to force it to defend its alleged tortious actions and question of actual bodily injury, if any, to Carr, involving the first collision, with those allegations arising in the second collision among multiple parties unrelated to the first collision.

The plaintiff has the burden of proof to prove his damages. If Carr sustained bodily injury from the first collision, one should easily surmise he would seek medical attention for these alleged injuries within 20 days before the second collision. The burden of proof to support these injuries rests on Carr. To allow cumulation of Carr's actions is to permit him to stack all of his alleged bodily injuries in one lawsuit against many multiple defendants.

Carr opines should the cases be separated, Crete should be prohibited from referencing the second May 10, 2017 collisions. Crete would not have to resort to any such reference if Carr provided medical evidence of his injuries sustained in the first collision, which were diagnosed and a plan of treatment implemented before the second collision, without confusion of any issue for causation. If there was no medical treatment, why was it delayed? If Carr cannot sustain this burden of proof for his injuries resulting

5

solely from the first accident, then and only then, Carr may need to have his two claims remain cumulated in one lawsuit.

Crete only requests that it not be thrust into a multi-vehicle, multi-party litigation defense in which it has no interest or liability.

## CONCLUSION

Crete respectfully submits to this Honorable Court its defense not be unduly prejudiced by having to defend itself against other actions and potential damages unrelated to its alleged tortious conduct and probable minimum or non-existent resulting bodily injury to plaintiff.  Being mindful of the plaintiff's burden of proof for causation, Crete prays that Carr can sustain it without resorting to outside subsequently intervening events.  However, if Carr cannot sustain his burden of proof on damages as they relate to Crete independent to any medical treatment after the second collision, then the only medical treatment for bodily injury becomes a material fact for an appropriate adjudication.

Respectfully submitted,

PERKINS & ASSOCIATES, LLC

By: _____
Mark A. Perkins, Bar No. 18529
John F. Frederickson, Bar No. 05842
401 Market Street, Suite 900
Shreveport, LA  71101
Tel:  (318) 222-2426
Fax:  (318) 222-0458
frederickson@perkinsfirm.com

ATTORNEYS FOR CHRISTOPHER D.
MAYCLIN AND CRETE CARRIER
CORPORATION

6

**Certificate of Service**

This will certify that a copy of the foregoing reply memorandum was served upon all parties and counsel of record, via email, facsimile, or United States Mail, properly addressed and postage affixed thereto, directed to:

1.    Mr. Roland V. McKneely, III (via-email only: rvmackneely@aol.com)

2.    Thomas A. Bordelon (via email only: tom@bordelonlawfirm.com)

3.    Russell Potter (via email only: rpotter@ssplaw.com)

Shreveport, Louisiana, December 13, 2018.

Of Counsel

7

FILED

DEC 2 0 2018

TORI HAYES
DEPUTY CLERK OF COURT

| | | |
|---|---|---|
| MICHAEL CARR | * | NUMBER: 607,831 – B |
| VERSUS | * | FIRST JUDICIAL DISTRICT COURT |
| CHRISTOPHER D. MAYCLIN, | * | |
| CRETE CARRIER CORPORATION, | | |
| HARTFORD INSURANCE COMPANY | * | |
| OF THE MIDWEST, MASON HOLLIS, | | |
| GEICO CASUALTY COMPANY, AND | * | |
| STATE FARM MUTUAL AUTOMOBILE | | |
| INSURANCE COMPANY | * | CADDO PARISH, LOUISIANA |

## JUDGMENT ON EXCEPTIONS OF IMPROPER JOINDER AND VAGUENESS

THIS MATTER having come before the Court for argument and hearing December 17, 2018, on the Exceptions of Improper Joinder and Vagueness filed by Defendants, Christopher D. Mayclin and Crete Carrier Corporation, represented by John F. Frederickson, Perkins & Associates, LLC; also present were attorney for Plaintiff, Michael Carr, Roland V. McKneely, III; and Thomas A. Bordelon, attorney for Defendant, State Farm Mutual Automobile Insurance; the attorney for GEICO, Russell Potter, waived his presence; and after hearing the argument of counsel, for the reasons this day orally assigned:

IT IS ORDERED, ADJUDGED AND DECREED that the Exceptions of Improper Joinder are granted, ordering the two claims and causes of action of the plaintiff against the respectively named party defendants, based upon collisions dated April 21, 2018 and May 10, 2017, be severed, and tried separately, in accordance with and as provided by law.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Exception of Vagueness will be rendered moot upon discovery by the parties in accordance with this judgment herein, with costs borne by the respective parties.

1

IT IS FURTHER ORDERED that in accordance with the Court's ruling on this date in Open Court, a written judgment be circulated among all counsel of record for approval as to form and presented to the Court.

JUDGMENT RENDERED in Open Court on the 17th day of December 2018.

JUDGMENT READ, AND SIGNED in Chambers on this the _26_ day of December, 2018 at Shreveport, Caddo Parish, Louisiana.


JUDGE CRAIG MARCOTTE

_____
HONORABLE CRAIG O. MARCOTTE
Judge, First Judicial District Court


Judgment Prepared By:

_____
John F. Frederickson, La. Bar No. 5842
PERKINS & ASSOCIATES, LLC
401 Market Street, Suite 900
Shreveport, LA 71101
Tel:  (318) 222-2426
Fax:  (318) 222-0458
frederickson@perkinsfirm.com

ATTORNEYS FOR CHRISTOPHER D. MAYCLIN AND
CRETE CARRIER CORPORATION

ENDORSED FILED
TORI HAYES, Deputy Clerk
DEC 2 0 2018
A TRUE COPY   ATTEST
CADDO PARISH


Approved as to Form Only:

_____
Thomas A. Bordelon, La. Bar. No. 22263
LAW OFFICES OF THOMAS BORDELON, LLC
401 Market Street, Suite 1150
Shreveport, LA 71101
Tel:  (318) 562-1010
Fax:  (318) 562-1011
tom@bordelonlawfirm.com
ATTORNEY FOR STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY

MICHAEL CARR                                    *    NUMBER:  607,831 – B

VERSUS                                          *    FIRST JUDICIAL DISTRICT COURT

CHRISTOPHER D. MAYCLIN,                         *
CRETE CARRIER CORPORATION,
HARTFORD INSURANCE COMPANY                      *
OF THE MIDWEST, MASON HOLLIS,
GEICO CASUALTY COMPANY, AND                     *
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                               *    CADDO PARISH, LOUISIANA


### JUDGMENT ON EXCEPTIONS OF IMPROPER JOINDER AND VAGUENESS


(Attorneys Signatures Continued)

Approved as to Form Only:

Roland V. McKneely, III, A.P.L.C.
La. Bar No. 27731
1910 Citizens Bank Drive
Bossier City, LA  71111
Tel:  (318) 742-7466
Fax:  (318) 746-2251
judgegator@aol.com

ATTORNEY FOR PLAINTIFF, MICHAEL CARR



Russell L. Potter, La. Bar. No. 8244
STAFFORD, STEWART & POTTER
3112 Jackson Street
Alexandria, LA  71301
Tel:  (318) 487-4910
Fax:  (318) 487-9417
rpotter@ssplaw.com

ATTORNEY FOR DEFENDANT,
MASON HOLLIS

3

MICHAEL CARR                          *     NUMBER: 607,831 – B

VERSUS                               *     FIRST JUDICIAL DISTRICT COURT

CHRISTOPHER D. MAYCLIN,              *
CRETE CARRIER CORPORATION,
HARTFORD INSURANCE COMPANY           *
OF THE MIDWEST, MASON HOLLIS,
GEICO CASUALTY COMPANY, AND          *
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                    *     CADDO PARISH, LOUISIANA

_JUDGMENT ON EXCEPTIONS OF IMPROPER JOINDER AND VAGUENESS_

(Attorneys Signatures Continued)

Approved as to Form Only:

                                          **ENDORSED FILED**
                                          TORI HAYES, Deputy Clerk

_____           **DEC 2 0 2018**
Roland V. McKneely, III, A.P.L.C.
La. Bar No. 27731                         A TRUE COPY – ATTEST
1910 Citizens Bank Drive
Bossier City, LA 71111                    _____
Tel: (318) 742-7466                              CADDO PARISH
Fax: (318) 746-2251
judgegator@aol.com

ATTORNEY FOR PLAINTIFF, MICHAEL CARR


_____
Russell L. Potter, La. Bar No. 8244
STAFFORD, STEWART & POTTER
3112 Jackson Street
Alexandria, LA 71301
Tel: (318) 487-4910
Fax: (318) 487-9417
rpotter@ssplaw.com

ATTORNEY FOR DEFENDANT,
MASON HOLLIS.

3

MICHAEL CARR                               :       DOCKET NO. 607831-B

                                          :

VERSUS                                    :

                                          :

                                          :

CHRISTOPHER D. MAYCLIN,                    :       1ST JUDICIAL DISTRICT COURT
CRETE CARRIER CORPORATION,                 :
HARTFORD INSURANCE COMPANY                 :
OF THE MIDWEST, MASON HOLLIS,              :
GEICO CASUALTY COMPANY, and                :
STATE FARM MUTUAL AUTOMOBILE               :
INSURANCE COMPANY                          :       CADDO PARISH, LOUISIANA

## DEFENDANTS' REQUEST FOR ADMISSION OF FACTS
## PROPOUNDED TO PLAINTIFF

TO: Michael Carr
    Through his attorney of record
    Roland V. McKneely, III, A.P.L.C.
    1910 Citizens Bank Drive, Suite A
    Bossier City, LA 71111

    In accordance with Article 1466 of the Louisiana Code of Civil Procedure,
defendants, CHRISTOPHER D. MAYCLIN AND CRETE CARRIER CORPORATION,
request that the plaintiff, MICHAEL CARR,  admit or deny the truth of the facts numbered
below within the days allowed by law. The requested admissions shall be for purposes of
the above entitled and numbered cause only. Any fact concerning which an admission is
requested that is not denied by serving the denial upon the defendants within thirty (30)
days of the service hereof shall be deemed admitted:

## REQUEST FOR ADMISSION OF FACT NO. 1:

    Do you admit or deny that the total damages including general and special damages
sustained by Mr. Carr as a result of the April 21, 2017 collision with defendants Christopher
D. Mayclin and Crete Carrier Corporation before the collision of May 10, 2017, will not
exceed $50,001.00?

## REQUEST FOR ADMISSION OF FACT NO. 2:

    Do you admit or deny that the total damages before May 10, 2017 sustained by Mr.
Carr will not exceed $75,001.00?

**REQUEST FOR ADMISSION OF FACT NO. 3:**

Do you admit or deny that Mr. Carr has sustained no loss of earnings as a result of the accident on April 21, 2017?

**REQUEST FOR ADMISSION OF FACT NO. 4:**

Do you admit or deny that Michael Carr does not have a loss of future earnings or earning capacity claim as a result of the accident on April 21, 2017?

**REQUEST FOR ADMISSION OF FACT NO. 5:**

Admit of deny that Michael Carr past medical exposure is not more than $10,000.00.

**REQUEST FOR ADMISSION OF FACT NO. 6:**

Admit or deny that Michael Carr will not have any future medical expenses.

**REQUEST FOR ADMISSION OF FACT NO. 7:**

Admit or deny that Michael Carr supplied Defendants with his vehicle property damage estimate in the approximate sum of $2,559.58 and has received payment for said property damages.

Respectfully submitted,

PERKINS & ASSOCIATES, L.L.C.

By:_____
Mark A. Perkins, #18529
John F. Frederickson #05842

401 Market Street, Suite 900
Shreveport, Louisiana 71101
Telephone: 318/222-2246
Facsimile: 318/222-0458

ATTORNEYS FOR DEFENDANTS,
CHRISTOPHER D. MAYCLIN, CRETE
CARRIER CORPORATION and THE
HARTFORD (DISMISSED WITHOUT
PREJUDICE)

MICHAEL CARR                                   :        DOCKET NO. 607831-B
                                               :
                                               :
VERSUS                                         :
                                               :
                                               :
CHRISTOPHER D. MAYCLIN,                        :
CRETE CARRIER CORPORATION,                     :        1ST JUDICIAL DISTRICT COURT
HARTFORD INSURANCE COMPANY                     :
OF THE MIDWEST, MASON HOLLIS,                  :
GEICO CASUALTY COMPANY, and                    :
STATE FARM MUTUAL AUTOMOBILE                   :
INSURANCE COMPANY                              :        CADDO PARISH, LOUISIANA

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Request for Admission of Fact has been

served upon the plaintiff through his attorney of record by placing same in the United

States Mail, Certified Mail, Return Receipt Requested, properly addressed to Roland V.

McKneely, III, A.P.L.C., 1910 Citizens Bank Drive, Suite A, Bossier City, LA 71111, with

sufficient postage affixed thereon, via facsimile (318)742-2251, and

email:judgegator@aol.com on this ___4-TH___ day of January, 2019.

                                               _____
                                                            OF COUNSEL

MICHAEL CARR          :    DOCKET NO. 607831-B

VERSUS     :

CHRISTOPHER D. MAYCLIN,  :
CRETE CARRIER CORPORATION, :
HARTFORD INSURANCE COMPANY :
OF THE MIDWEST, MASON HOLLIS, :
GEICO CASUALTY COMPANY, and :
STATE FARM MUTUAL AUTOMOBILE :
INSURANCE COMPANY     :

1ST JUDICIAL DISTRICT COURT

CADDO PARISH, LOUISIANA

**FILED
JAN 07 2019
BREANESHIA THOMPSON
DEPUTY CLERK OF COURT
CADDO PARISH**

## REQUEST FOR TEN DAY NOTICE OF
## SETTING AND FOR NOTICE OF JUDGMENT

NOW INTO COURT, through undersigned counsel, come defendants herein, CHRISTOPHER D. MAYCLIN, CRETE CARRIER CORPORATION and THE HARTFORD (which was improperly named as Hartford Insurance Company of the Midwest; THE HARTFORD was dismissed herein without prejudice by judgment signed in November 15, 2018), which respectfully request that they be given at least ten (10) days written notice in advance of any setting in the above captioned matter, whether same be for trial, hearing, etc., in accordance with provisions of Louisiana Code of Civil Procedure, Article 1572.

Appearers further request written notice of any judgment or interlocutory order in accordance with provisions of Louisiana Code of Civil Procedure, Article 1914.

PERKINS & ASSOCIATES, L.L.C.

By: _____
Mark A. Perkins, #18529
John F. Frederickson, #5842

401 Market Street, Suite 900
Shreveport, Louisiana 71101
Telephone: 318/222-2426
Facsimile: 318/222-0458

ATTORNEYS FOR DEFENDANTS, CHRISTOPHER D. MAYCLIN, CRETE CARRIER CORPORATION and THE HARTFORD (DISMISSED WITHOUT PREJUDICE)

Page 1 of 2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have provided a copy of the foregoing *Request for Ten Day Notice of Setting and for Notice of Judgment* to all counsel of record via facsimile, electronic mail and/or regular U.S. Postal Service, postage prepaid, and addressed to:

Roland V. McKneely, III, A.P.L.C.
1910 Citizens Bank Drive
Bossier City, LA 71111
rvmckneely@aol.com

on this _____4ᵀᴴ_____ day of January, 2019.

COUNSEL FOR DEFENDANTS

Page 2 of 2

MICHAEL CARR                              :    DOCKET NO. 607831-B

                                          :

VERSUS                                    :

                                          :

                                          :

CHRISTOPHER D. MAYCLIN,                   :    1ST JUDICIAL DISTRICT COURT
CRETE CARRIER CORPORATION,                :
HARTFORD INSURANCE COMPANY                :
OF THE MIDWEST, MASON HOLLIS,             :
GEICO CASUALTY COMPANY, and               :
STATE FARM MUTUAL AUTOMOBILE              :
INSURANCE COMPANY                         :    CADDO PARISH, LOUISIANA

FILED

JAN 07 2019

BREANESHIA THOMPSON
DEPUTY CLERK OF COURT
CADDO PARISH

## ANSWER TO PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come defendants herein,

CHRISTOPHER D. MAYCLIN, CRETE CARRIER CORPORATION and THE HARTFORD

(which was improperly named as Hartford Insurance Company of the Midwest; THE

HARTFORD was dismissed herein without prejudice by judgment signed in November 15,

2018), which respectfully answer the Plaintiff's Petition for Damages, as follows:

1.

The allegations contained in paragraph 1 of the Petition are denied except to admit

that Christopher D. Mayclin, Crete Carrier Corporation, The Hartford (which was improperly

named as Hartford Insurance Company of the Midwest), Mason Hollis, Geico Casualty

Company, and State Farm Mutual Automobile Insurance Company are named defendants

herein.

2.

The allegations contained in paragraph 2 of the Petition are denied for lack of

sufficient information upon which to justify a belief therein.

3.

The allegations contained in paragraph 3 of the Petition are denied for lack of

sufficient information upon which to justify a belief therein.

4.

The allegations contained in paragraph 4 of the Petition are denied for lack of

sufficient information upon which to justify a belief therein.

5.

The allegations contained in paragraph 5 of the Petition are denied for lack of

sufficient information upon which to justify a belief therein.

6.

The allegations contained in paragraph 6 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

7.

The allegations contained in paragraph 7 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

8.

The allegations contained in paragraph 8 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

9.

The allegations contained in paragraph 9 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

10.

The allegations contained in paragraph 10 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

11.

The allegations contained in paragraph 11 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

12.

The allegations contained in paragraph 12 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

13.

The allegations contained in paragraph 13 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

14.

The allegations contained in paragraph 14 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

15.

The allegations contained in paragraph 15 of the Petition are denied for lack of

sufficient information upon which to justify a belief therein.

16.

The allegations contained in paragraph 16 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

17.

The allegations contained in paragraph 17 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

18.

The allegations contained in paragraph 18 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

19.

The allegations contained in paragraph 19 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

20.

The allegations contained in paragraph 20 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

21.

The allegations contained in paragraph 21 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

22.

The allegations contained in paragraph 22 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

23.

The allegations contained in paragraph 23 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

24.

The allegations contained in paragraph 24 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

25.

The allegations contained in paragraph 25 of the Petition are denied for lack of

sufficient information upon which to justify a belief therein.

**AND NOW IN FURTHER ANSWER THERETO,** Defendants, Christopher D. Mayclin, Crete Carrier Corporation, and The Hartford (dismissed herein without prejudice), respectfully show:

26.

Defendants are entitled to and hereby demand a trial by jury as to all issues triable by a jury.

27.

Defendants plead all limitations and defenses of La.R.S. 32:866 and the Louisiana Compulsory Motor Vehicle Liability Lat that may be applicable to any plaintiff who was the owner or operator of a motor vehicle involved in the accident described in the Petition.

28.

Defendants show that they are entitled to a credit in any judgment involved against them to the full extent of any other policy of insurance issued and/or available to the Plaintiff, Michael Carr, for the alleged damages at issue herein.

29.

In the event discovery and/or trial shows that Plaintiff has failed to mitigate his damages, the Defendants affirmatively plead Plaintiff failed to mitigate as a bar to recovery of some or all damages claimed.

30.

Defendants show that if any of the medical expenses claimed by petition in this case have been paid pursuant to Medicare and/or Medicaid, then pursuant to 42 U.S.C. § 1395(v)(b)(B)(ii)(b)(a) and La.R.S. 46:153(E), Plaintiff has no cause of action for recovery of any medicals paid by Medicare and/or Medicaid as the acceptance of payments by or on behalf of Plaintiff constitutes a complete assignment of rights to said entities for recovery of these benefits.

31.

Defendants show that if this Court finds that the action or inaction of any other person or entity, whether a party to this action or not, constituted to the alleged accident, injuries, or exacerbated any alleged injuries in any way, than the liability of Defendants

should be proportionably excluded by the percentage of negligence attributed to said party or non-party in accordance with the principle of comparative negligence.

32.

Defendants affirmatively plead the doctrine of sudden emergency as the subject accident was unavoidable and the result of the actions/inactions of third parties which these Defendants had no control.

33.

Request is hereby made for written notice of all hearing dates, trial dates and any other matters in the above captioned proceeding, and also for written notice of the signing of any order or judgment all in accordance with the provisions of the Louisiana Code of Civil Procedure.

34.

Defendants plead that they are not responsible for any damages or bodily injuries caused by or exacerbated by any other parties or non-parties subsequent to the events involving Defendants on April 21, 2017.

35.

Defendants plead all credit and offsets available under Louisiana law, including those set forth in *Bozeman v. Louisiana State Dept. of Transportation and Development.* Defendants are entitled to credit for all medical expenses written off pursuant to Medicaid/ Medicare. Plaintiff is not entitled to recover medical expenses written off pursuant to Medicaid/ Medicare. Defendants further show that to the extent that any plaintiff herein has incurred past medical care or would require future medical care which would be provided under the Patient Protection and Affordable Care Act (PPACA) or the Affordable Care Act (ACA) at no charge to the plaintiff, then Defendants herein show that they have no responsibility for any past and/or future medical expenses due to the terms of the PPACA and/or ACA.

36.

Defendants show if any of the medical expenses may be covered by a healthcare provider, Defendants plead the provisions of the Balanced Billing Act, L.S.A. R.S.

22:1874A(2) that prohibits and precludes collection and even the billing of charges in excess of the provider's contracted rate with a health insurer.

WHEREFORE, Defendants, Christopher D. Mayclin, Crete Carrier Corporation, and The Hartford (dismissed herein without prejudice), pray that this response be deemed good and sufficient answer to the Petition and that it be relieved from further answering.

FURTHER PRAY that in the alternative that if judgment is rendered in favor of the Plaintiff and against Defendants herein that Plaintiff be held proportionately responsible according to the principles of comparative fault.

FURTHER PRAY that after due proceedings be had that there be judgment herein in favor of the Defendants dismissing the demands of Plaintiff at Plaintiff's costs.

FURTHER PRAY for all necessary and equitable relief as is just in the premises.

Respectfully submitted,

PERKINS & ASSOCIATES, L.L.C.

By: _____
Mark A. Perkins, #18529
John F. Frederickson, #05842

401 Market Street, Suite 900
Shreveport, Louisiana 71101
Telephone: 318/222-22426
Facsimile: 318/222-0458
Email: perkins@perkinsfirm.com

ATTORNEYS FOR DEFENDANTS, CHRISTOPHER D. MAYCLIN, CRETE CARRIER CORPORATION and THE HARTFORD (DISMISSED WITHOUT PREJUDICE)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have provided a copy of the foregoing *Answer to Petition for Damages* to all counsel of record via facsimile, electronic mail and/or regular U.S. Postal Service, postage prepaid, and addressed to:

Roland V. McKneely, III, A.P.L.C.
1910 Citizens Bank Drive
Bossier City, LA 71111
rvmckneely@aol.com

on this _____ 4ᵀᵛᵗ _____ day of January, 2019.

_____
COUNSEL FOR DEFENDANTS

F:\Data\Dixon\Matters\Greta Carter\Carr\ANSWER TO PETITION.wpd

CIVIL SUIT NO.: 607,831 B

MICHAEL CARR

1ST JUDICIAL DISTRICT COURT

VERSUS

PARISH OF CADDO

CHRISTOPHER D. MAYCLIN,
CRETE CARRIER CORPORATION,
HARTFORD INSURANCE COMPANY
OF THE MIDWEST, MASON HOLLIS,
GEICO CASUALTY COMPANY, AND
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

STATE OF LOUISIANA

## MOTION FOR LEAVE TO FILE
## FIRST SUPPLEMENTAL AND AMENDING ANSWER

NOW INTO COURT, through undersigned counsel, comes defendant herein, **GEICO CASUALTY COMPANY**, which moves this court for leave to amend and supplement the previous Answer for the following reasons:

1.

Plaintiff filed this action for injuries allegedly sustained on or about May 10, 2017.

2.

Defendant desires to amend and supplement the previous answer by amending and adding paragraphs.

3.

Undersigned counsel has forwarded this pleading to opposing counsel and there is no opposition to the filing of this pleading.

WHEREFORE, defendant, **GEICO CASUALTY COMPANY**, prays that it be allowed to file this First Supplemental and Amending Answer; that this First Supplemental and Amending Answer be deemed good and sufficient; and after all legal delays and due proceedings are had, there be judgment rendered herein in favor of defendant, **GEICO CASUALTY COMPANY**, and against the plaintiff, dismissing plaintiff's demands at plaintiff's cost.

Respectfully submitted,

STAFFORD, STEWART & POTTER

Russell L. Potter (#8244)
3112 Jackson Street
Alexandria LA 71301
Phone:    318-487-4910
Fax:      318-487-9417
ATTORNEYS FOR DEFENDANT,
GEICO CASUALTY COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been furnished to all counsel of record in these proceedings by electronic delivery, facsimile, or by placing the same in the U.S. First Class Mail on this the _2_ day of January, 2019.

OF COUNSEL

CIVIL SUIT NO.: 607,831 B

MICHAEL CARR

1ST JUDICIAL DISTRICT COURT

VERSUS

PARISH OF CADDO

CHRISTOPHER D. MAYCLIN,
CRETE CARRIER CORPORATION,
HARTFORD INSURANCE COMPANY
OF THE MIDWEST, MASON HOLLIS,
GEICO CASUALTY COMPANY, AND
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

STATE OF LOUISIANA

## ORDER

CONSIDERING the foregoing allegations and prayer; it is

ORDERED that the First Supplemental and Amending Answer of

defendant, **GEICO CASUALTY COMPANY**, be filed as prayed for and

according to law.

THUS DONE AND SIGNED at Shreveport, Caddo Parish, Louisiana,

this _____ day of _____, 2019.


_____
JUDGE


Respectfully submitted,

STAFFORD, STEWART & POTTER


_____
Russell L. Potter (#8244)
3112 Jackson Street
Alexandria LA 71301
Phone:    318-487-4910
Fax:      318-487-9417
ATTORNEYS FOR DEFENDANT,
GEICO CASUALTY COMPANY

CIVIL SUIT NO.: 607,831 B

MICHAEL CARR

VERSUS

CHRISTOPHER D. MAYCLIN,
CRETE CARRIER CORPORATION,
HARTFORD INSURANCE COMPANY
OF THE MIDWEST, MASON HOLLIS,
GEICO CASUALTY COMPANY, AND
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

1ST JUDICIAL DISTRICT COURT

PARISH OF CADDO

STATE OF LOUISIANA

## FIRST SUPPLEMENTAL AND AMENDING ANSWER

NOW INTO COURT, through undersigned counsel, comes defendant herein, **GEICO CASUALTY COMPANY**, which respectfully supplements and amends the previous Answer as follows:

I.

Defendant supplements and amends the previous Answer by amending the following paragraph:

"11.

The allegations contained in paragraph 11 are denied."

II.

Defendant supplements and amends the previous Answer by adding the following paragraphs:

"34.

Defendant further shows in the alternative, and only in the alternative, that any payments that have been made or will be made under the policy of insurance issued herein may deplete the policy limits available.

35.

Defendant pleads all credit and offsets available under Louisiana law, including those set forth in *Bozeman v. Louisiana State Dept. of Transportation and Development*. Defendant is entitled to credit for all medical expenses written off pursuant to Medicaid/Medicare. Plaintiff is not entitled to recover medical expenses written off pursuant to Medicaid/Medicare. Defendant further shows that to the extent that any plaintiff herein has incurred past medical care or would require future medical care

which would be provided under the Patient Protection and Affordable Care Act (PPACA) or the Affordable Care Act (ACA) at no charge to the plaintiff, then defendant herein shows that it has no responsibility for any past and/or future medical expenses due to the terms of the PPACA and/or ACA.

36.

Defendant shows if any of the medical expenses may be covered by a healthcare provider, defendant pleads the provisions of the Balanced Billing Act, L.S.A. R.S. 22:1874A(2) that prohibits and precludes collection and even the billing of charges in excess of the provider's contracted rate with a health insurer."

III.

Defendant reiterates and incorporates herein by reference all previous allegations of fault and defenses pled in the previous Answer.

WHEREFORE, defendant prays that this First Supplemental and Amending Answer be deemed good and sufficient and that after all legal delays and due proceedings had, including a trial by jury, there be judgment rendered herein in favor of defendant, **GEICO CASUALTY COMPANY**, and against plaintiff, dismissing plaintiff's demands at plaintiff's cost.

Respectfully submitted,

STAFFORD, STEWART & POTTER

Russell L. Potter (#8244)
3112 Jackson Street
Alexandria LA 71301
Phone:    318-487-4910
Fax:      318-487-9417
ATTORNEYS FOR DEFENDANT,
GEICO CASUALTY COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been furnished to all counsel of record in these proceedings by electronic delivery, facsimile, or by placing the same in the U.S. First Class Mail on this the _____ day of January, 2019.

OF COUNSEL

CIVIL SUIT NO.: 607,831 B

MICHAEL CARR

1ST JUDICIAL DISTRICT COURT

VERSUS

PARISH OF CADDO

CHRISTOPHER D. MAYCLIN,
CRETE CARRIER CORPORATION,
HARTFORD INSURANCE COMPANY
OF THE MIDWEST, MASON HOLLIS,
GEICO CASUALTY COMPANY, AND
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

STATE OF LOUISIANA

## CERTIFICATE

The foregoing First Supplemental and Amending Answer was forwarded to opposing counsel on ___12/3/18___. There has been no objection as to the filing of this pleading.

Certified this _7th_ day of ___January___, 2019.

RUSSELL L. POTTER

MICHAEL CARR

VERSUS

CHRISTOPHER D. MAYCLIN,
CRETE CARRIER CORPORATION, ET AL

\*   NUMBER: 607,831 – B
\*
\*   FIRST JUDICIAL DISTRICT COURT
\*
\*
\*   CADDO PARISH, LOUISIANA

## <u>IRREVOCABLE STIPULATION OF DAMAGES</u>

NOW INTO COURT, through undersigned counsel, comes Plaintiff, MICHEAL CARR, who hereby stipulates that his individual damages are less than $75,000 related to his collision of April 21, 2017, exclusive of interest and costs.

Plaintiff hereby specifically asserts and agrees that he understands that this stipulation is irrevocable. He further asserts and agrees that he will not pursue and/or attempt to collect any and all damages, awards, judgment or otherwise, greater than $75,000, exclusive of interest and costs.

Respectfully submitted:

**Roland V. McKneely, III, A.P.L.C.**

Roland V. McKneely, III
1910 Citizens Bank Drive, Suite A
Bossier City, LA 71111
Telephone: (318) 742-7466
Facsimile: (318) 746-2251
E-Mail: rvmckneely@aol.com
*Attorney for Michael Carr*

AND

**Perkins & Associates, L.L.C.**

MARK PERKINS (18529)
JOHN F. FREDERICKSON (05842)
401 Market Street, Suite 900
Shreveport, LA 71101
Phone: 318-222-2426
Fax: 318-222-0458
Email: frederickson@perkinsfirm.com
*Attorneys for Christopher D. Mayclin,*
*Crete Carrier Corporation, et al*

MICHAEL CARR

VERSUS

CHRISTOPHER D. MAYCLIN,
CRETE CARRIER CORPORATION, ET AL

\*   NUMBER:  607,831 – B
\*
\*   FIRST JUDICIAL DISTRICT COURT
\*
\*
\*   CADDO PARISH, LOUISIANA

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing pleading has been served upon opposing counsel by e-mail, fax, and/or by placing same in the U.S. Mail, postage prepaid and properly addressed, this **24th** day of **January, 2019**.

_____
JOHN F. FREDERICKSON